Robert R. CLANTON et al., Plaintiffs,

v.

ALLIED CHEMICAL CORPORATION,
Defendant.

Civ. A. No. 5–73–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 4, 1976.

Henry L. Marsh, III, James W. Benton, Jr., Richmond, Va., Robert B. Wallace, Alexandria, Va., Charles E. Lister, David J. Cynamon, Covington & Burling, Washington, D. C., for plaintiffs.

Francis V. Lowden, Jr., Hill B. Wellford, Jr., Hunton, Williams, Gay & Gibson, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Under date of January 3, 1973, plaintiffs brought this class action against Allied Chemical Corporation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and § 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. The complaint alleges discrimination in employment on the basis of race and seeks relief on behalf of the plaintiffs and a class of other black persons similarly situated. Allied Chemical Corporation is a corporation created under the laws of the State of New York with its principal place of business in Morristown, New Jersey. The action concerns the employment policies and practices of the Allied Chemical Corporation facility located on Industrial Street in Hopewell, Virginia. The class, as certified by an order of this Court, includes all past and present black employees of the Hopewell facility, and all past and present black applicants for employment with that facility at any time since July 2, 1965. Jurisdiction over the action is granted this Court by virtue of 42 U.S.C. § 2000e–5(f) and 28 U.S.C. § 1343.

The parties to this action entered into a settlement agreement that was properly presented to all the class members and accepted by the Court on June 24, 1975. In the settlement agreement the defendant expressly denied any violation of Title VII of the Civil Rights Act of 1964, § 1 of the Civil Rights Act of 1866, or any other equal employment opportunity law or order and "by this settlement does not admit liability herein." The parties further stipulated that "The parties are now desirous of resolving this matter without the time and expense of further litigation and with that purpose in mind hereto agree to the resolution, compromise, and settlement of all claims involved in this action  .  .  .." The agreement went on to stipulate that the defendant would pay approximately $200,000 to the class for their claims of back pay, not use employment tests or educational criteria which were not job related and validated as required by government regulations, commence an affirmative hiring program for black applicants, commence a training program for incumbent black employees, appoint a compliance officer to receive employee complaints of noncompliance with the settlement agreement, and perform other relief as stipulated in the agreement provisions. The agreement provided for court supervision of its terms until June 1, 1978.

The agreement also provided for a conditional award of attorneys' fees:

"Defendant shall pay plaintiffs' attorney fees and costs in an amount to be agreed upon by the parties and approved by the Court; however, in the event the parties are unable to reach agreement with respect to the issue of plaintiffs' attorney fees and costs, it is understood that this issue alone shall remain an issue in this case to be resolved through court proceedings and that all defenses which defendant may have with respect to the same are specifically reserved."

The parties were not able to thereafter agree on the amount of attorney fees and costs to be paid by the defendant, and, therefore, the settlement agreement was presented to the Court without an attorney fees and costs stipulation except as heretofore stated. A Court order accepting the settlement agreement noted the following: "And, that the question of costs and attorney fees is unaffected by this order and will be decided by this Court in a separate proceeding." The plaintiffs have now moved the Court for an award of attorney fees and costs, and the defendant has responded. The issue has been briefed and argued before the Court, and requires action by the Court.

It is important to note that the settlement agreement does *not* stipulate that the defendant shall, in any case, pay attorney fees and costs, and absent an agreement by the parties that the Court shall decide on the reasonableness of those amounts. It affirmatively states that absent an agreement by the parties reference this issue that the defendant reserves the right to assert *any and all* defenses to their payment, including the defense that attorney fees and costs are not due plaintiffs in any event.

Title VII of the Civil Rights Act of 1964 provides for an award of attorney fees and actions brought under its provisions:

"In any action or proceeding under this Title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

42 U.S.C. § 2000e–5(k). See also *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.,* 517 F.2d 1141, 1147 (4th Cir. 1975); *Robinson v. Lorillard,* 444 F.2d 791, 804 (4th Cir.), *appeal dismissed,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). It has long been recognized that the purpose of awarding attorney fees is to encourage meritorious employee suits under Title VII in vindication of the strong congressional policy against racial discrimination in job hiring and placement.

The United States Court of Appeals for the Fourth Circuit has held that the following language from *Newman v. Piggi Park Enterprises, Inc.,* 390 U.S. 400, 402–03, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265–66 (1968) [a suit under Title II of the Civil Rights Act of 1964] applies also in Title VII cases:

> "When a plaintiff brings an action under that Title, he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees— not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II."

*Lea v. Cone Mills Corporation,* 438 F.2d 86, 88 (4th Cir. 1971).

Before awarding attorney fees, however, the Court must decide which side was the "prevailing party." The plaintiffs are, in essence, asking the Court to declare them prevailing parties on the basis of the complaint and the provisions of relief secured in the settlement agreement. Yet, the settlement agreement expressly notes that the defendants do *not* by agreeing thereto admit liability under the allegations of the complaint, and that the parties were desirous of avoiding the "time and expense" of litigation. If the plaintiffs, regardless of the express reservation to the contra in the agreement, are adjudged to have prevailed on the merits, the settlement agreement must be construed as an admission by the defendant that it is culpable under the allegations of the complaint.[1] Such a construction has two additional disadvantages apart from its refusal to give effect to an express provision of the settlement agreement. First, one of the significant incentives for a negotiation or resolution of active litigation is the defendant's ability to, by consent decree, reserve the issue of ultimate liability even though it offers the plaintiffs benefits or recompense. Construing the settlement agreement in this case to apportion legal fault could establish a precedent that would effectively eliminate this bargaining incentive from the settlement process of Title VII cases. Second, it is not clear in most settlement agreements without looking behind their express provisions, that the major, or even a significant reason for such settlement was an admission by the defendant that the plaintiffs were likely to succeed on the merits. Indeed, other reasons for settlement are conceivable; the elimination of the costs of trial,[2] the elimination of adverse publicity, the elimination of the risks of loss at trial even if the risk is slim, etc. Absent an agreement between the parties that the plaintiff is entitled to reasonable attorney fees, it would appear that the only way to ascertain the significance of the facts leading to the settlement so as to judge which is the "prevailing party" on the merits would require a careful dissection of the settlement process itself. No evidence as to that process has been taken, nor indeed should it be. Such a decision would involve difficult court speculations on the subjective motives of the parties and their counsel, and it may create difficult

---

1. It is arguable that the term "prevailing party" could be expanded to refer to the party that was the "best bargainer" in the negotiation process that lead to settlement. The Court is satisfied, however, that Congress did not intend to reward superior negotiations, but rather those persons who brought meritorious suits. See *Lea v. Cone Mills Corporation,* 438 F.2d 86, 88 (4th Cir. 1971).

2. Indeed, the defendants are asking for approximately $200,000 in attorney fees even though the case has not yet gone to trial. The back pay provision of the settlement awarded the plaintiffs approximately $200,000. As to the injunctive relief provisions of the agreement, the defendant argues that most were voluntarily adopted before suit was begun.

problems with respect to the protected confidentiality of attorney-client communications.[3]

■ Accordingly, the Court concludes that the state of the instant record is not sufficient to determine culpability on the merits so as to allow an informed judgment on whether the plaintiffs are the "prevailing parties."[4] The settlement agreement is not indicative of which party has the more meritorious position, and no other evidence going to the merits has been introduced. But see *Aspira of New York, Inc. v. New York City Board of Education,* 65 F.R.D. 541 (S.D.N.Y. 1975). The Court could of course, in lieu of an agreement by the parties stipulating that attorney fees and costs are appropriate in such amount as the Court deems reasonable, set the matter down for trial on the merits solely to ascertain whether the plaintiffs are in fact the prevailing parties. Such a procedure would in no way affect the balance of the settlement agreement stipulating appropriate relief and that would remain in effect.

Before so doing, however, the Court will give the parties a period of ten (10) days in which to attempt to amicably adjust the issue or failing that entering into a stipulation of uncontroverted facts in a spirit of minimizing the time to be expended in a hearing on the merits of plaintiffs' original claim.

An appropriate order will issue.

3. See *ABA Canons of Professional Ethics No. 4.* The Canons of the American Bar Association have been adopted by a rule of this Court. Local Rule 7(K).

4. Because of the statutorily created interdependence between the merits of a suit and an award of attorney fees in Title VII actions, no suit should be settled without a binding reference to an award of those fees if the defendant denies liability on the merits and incorporates such denial in the settlement agreement. The reference may be complete and stipulate the amount or be incomplete and stipulate that the defendant either is not to pay attorney fees or will pay such sums as the Court deems to be fair and reasonable. *G. Williams v. General Foods Corp.,* 492 F.2d 399, 408 (7th Cir. 1974).