Susan **RICHARDSON** et al., **Plaintiffs,**

v.

The **CIVIL SERVICE COMMISSION OF the STATE OF NEW YORK** et al., **Defendants.**

**No. 72 Civ. 1902 (CHT).**

United States District Court,
S. D. New York.

July 27, 1976.

See also D.C., 387 F.Supp. 1267.

Steven H. Bazerman, Community Law Office, Jack Greenberg, Deborah M. Greenberg, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants; Judith A. Gordon, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs seek an order of this Court granting costs including reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k)[1] in an amount to be hereinafter determined. For the reasons set forth below, the motion is granted.

1. Plaintiffs have denominated their motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court will construe this as a motion brought on pursuant to 42 U.S.C. § 2000e–5(k). Summary judgment is inappropriate.

This employment discrimination action was commenced by the filing of a complaint on May 8, 1972, under 42 U.S.C. §§ 1981 and 1983 and the Fifth and Fourteenth Amendments to the Constitution of the United States, Articles V and VI of the New York State Constitution and § 50(6) of the New York State Civil Service Law.

Plaintiffs Susan Richardson, Melvin Jackson, Nina Sims, Mabel W. Fisher, Loretta Y. Napier, Vera Birdsong and Miriam Harper, black Narcotic Correction Officers, aspired to the position of Narcotic Rehabilitation Counselor, but were ineligible to take the written civil service examination therefor because they did not possess the requisite bachelor's degrees. Plaintiff Nancy Walcott, a white woman, who had been employed as a provisional Narcotic Rehabilitation Counselor but failed the written examination required for permanent appointment. Plaintiffs alleged that they had each in fact been performing all the functions of Narcotic Rehabilitation Counselor in a satisfactory manner. The complaint alleged that the educational requirements and examination had a disparate adverse impact upon blacks and were not related to the ability to perform the job of Narcotic Rehabilitation Counselor. In their prayer for relief, plaintiffs sought, *inter alia,* injunctive relief against the use of non-job-related educational requirements and unvalidated examinations for the position of Narcotic Rehabilitation Counselor and costs, including reasonable attorneys' fees.

By memorandum opinion dated December 26, 1973, this Court denied, in all but one minor respect, defendants' motion to dismiss the complaint.

By stipulation approved by this Court on February 8, 1974, the complaint was amended to allege violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* A substituted and amended complaint was filed on February 13, 1974, pursuant to said stipulation.

On May 6, 1975, this Court entered a Stipulation and Order of Settlement consented to by the parties which established a procedure by which any employee of the State of New York Drug Abuse Control Commission (formerly the Narcotic Addiction Control Commission) who had held the position of Narcotic Correction Officer for three years, one year of which had included regular and substantial participation in the drug abuse counseling program, could on the basis of his or her training and experience become eligible for appointment to the position of Drug Abuse Rehabilitation Counselor (formerly Narcotic Rehabilitation Counselor). (Stipulation and Order of Settlement, ¶¶ 4 and 5). Pursuant to said procedure, all of the named plaintiffs, with the exception of Nancy Walcott, who had obtained employment elsewhere, were on or about March 1976 appointed to the Counselor position. They were not required to have a bachelor's degree or to take a written examination.

The entry of the Stipulation and Order of Settlement was "without prejudice for applications to the Court for attorneys' fees." (*Id.,* ¶ 9).

There are no questions of fact presented and the only question before the Court is whether the plaintiffs are entitled to the relief sought as a matter of law.

42 U.S.C. § 2000e–5(k) provides:

"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

Defendants oppose the instant application on the basis: (1) that plaintiffs are not prevailing parties within the meaning of Rule 54(d) of the Federal Rules of Civil Procedure, (2) that an award of attorneys' fees against defendant state officers and agencies is barred by the Eleventh Amendment to the United States Constitution, (3) that plaintiffs are not prevailing parties within the meaning of 42 U.S.C. § 2000e–5(k), and (4) that even if it be adjudged that plaintiffs are prevailing parties within the meaning of the above-mentioned statute,

they should receive no award since they did not, in fact, pay a fee.

■ The Rule 54 argument raised by defendants is without merit. The Rule begins with the wording "[e]xcept when express provision therefor is made either in a statute of the United States" and then goes on to set forth the grounds for the granting of costs. Clearly, in this instance there is a statute of the United States which will govern the award of costs and attorneys' fees, if any, and Rule 54 has no application.

■ In a recent decision, *Bitzer v. Matthews*, —— U.S. ——, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the United States Supreme Court held that the exercise of power by Congress in allowing reasonable attorneys' fees under 42 U.S.C. § 2000e–5(k) was not barred by the Eleventh Amendment to the Constitution of the United States. Thus, the argument raised by the defendants on this ground must fail.

■ Defendants next contend that plaintiffs are not prevailing parties within the meaning of 42 U.S.C. § 2000e–5(k) since the matter terminated in a stipulation of settlement rather than an adjudication on the merits after the trial of the action. The Court disagrees.

In the case of *Parker v. Matthews*, 44 U.S.L.W. 2496, 411 F.Supp. 1059 (D.D.C. 1976), Judge Richey considered the same question and resolved it in favor of an award on the basis that the plaintiffs were prevailing parties within the meaning of the statute despite the fact that the case was settled. His reasoning was cogent.

"While the Government maintains that the plain meaning of 'prevailing party' clearly subsumes the concept of a favorable judicial determination on the merits the court does not agree that plain meaning is limited to those plaintiffs who have obtained a favorable judgment after full adjudication of the merits. If the court were to adopt this suggested meaning plaintiffs would be forced to try every case for the purpose of insuring an award of attorneys' fees. Further, it would not be reasonable to interpret the term 'pre-vailing party' so as to discourage settlement of cases, thereby making the interpretation contravene a generally favored policy of the law to encourage settlement. Moreover, requiring full litigation in all cases cannot be the criteria for furthering the purpose of the Civil Rights Act." *Id.* at 2497, 411 F.Supp. 1059.

*Cf. Fort v. White*, 530 F.2d 1113 (2d Cir. 1976); *Aspira of New York, Inc. v. Board of Education of the City of New York*, 65 F.R.D. 541 (S.D.N.Y.1975).

The Court finds that these plaintiffs are prevailing parties as that term is used in 42 U.S.C. § 2000e–5(k) and interpreted in *Parker*. Plaintiffs sought the elimination of non-job-related educational requirements and tests. This was accomplished. Plaintiffs sought placement in the position of Drug Abuse Rehabilitation Counselor. This they achieved. Also, plaintiffs sought and achieved the implementation of procedures for attaining the position of Rehabilitation Counselor based on prior work experience. While the Stipulation and Order did not require that defendants admit that the previous requirements were discriminatory, it is clear to this Court that the requirements were not, in fact, job-related and that the needed changes would not have been made were it not for the institution of this lawsuit.

■ Finally, defendants claim that the Court in its discretion should decline to make an award since the plaintiffs in fact paid no fee. This contention, however, must fail in the face of several cases which have dealt with this and closely analogous problems.

An award was sustained in *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 517 F.2d 1141, 1148 (4th Cir. 1975), where counsel for the prevailing plaintiff had agreed with plaintiff to donate any proceeds of the action, including any award of fees, to a civil rights organization. The court reasoned that the purpose of the award was to encourage people to seek redress in discrimination cases and that the donation to an organization which was dedicated to the

fight against discrimination was consonant with this purpose. *Id.* at 1148.

Similarly, an award was approved in *Jordan v. Fusari,* 496 F.2d 646, 649 (2d Cir. 1974), despite the fact that one of the law firms representing the plaintiffs' class was a nonprofit organization. *See also Fairley v. Patterson,* 493 F.2d 598, 607 (5th Cir. 1974); *Brandenburger v. Thompson,* 494 F.2d 885, 889 (9th Cir. 1974).

The reasoning employed in all of these cases was very recently reapproved in this circuit in *Torres v. Sachs,* 538 F.2d 10 (2d Cir. 1976). There Judge Smith stated:

> "Litigation to secure the law's protection has frequently depended on the exertions of organizations dedicated to the enforcement of the Civil Rights Acts. See *Tillman v. Wheaton-Haven Recreation Ass'n,* 517 F.2d 1141 (4th Cir. 1975). We agree with the courts which have held that the 'allowable fees and expenses may not be reduced because [the prevailing party's] attorney was employed . . . by a civil rights organization . . . or because the attorney does not exact a fee.' *Fairley v. Patterson,* 493 F.2d 598, 606 (5th Cir. 1974); *Tillman v. Wheaton-Haven Recreation Ass'n, supra.* Nonprofit public interest law firms have been recognized as properly entitled to attorneys' fees, *Jordan v. Fusari,* 496 F.2d 646, 649 (2d Cir. 1974); *Brandenburger v. Thompson,* 494 F.2d 885, 889 (9th Cir. 1974), and the receipt of such fees promotes their continued existence and service to the public in this field." *Id.* at 13.

Accordingly, plaintiffs' motion for costs including reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k) is granted. The matter is hereby referred to United States Magistrate Leonard Bernikow to hear and report as to the fixing of an award.

So ordered.