Shirley GOODALL, Plaintiff,

v.

R. L. MASON et al., Defendants.

Civ. A. No. 75–0112–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 9, 1976.

---

Harvey Latney, Jr., Richmond, Va., for plaintiff.

Charles L. Beard, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff brings this action under § 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16, for alleged racial discrimination in employment matters at the McGuire Veterans Administration Hospital, a federally operated institution. Jurisdiction over the controversy is vested in this Court under 42 U.S.C. § 2000e–5 and 28 U.S.C. § 1343.

The plaintiff, an adult black residing in Richmond, Virginia, is a civilian employee at the McGuire Veterans Administration Hospital (hereinafter "Hospital"). On July 26, 1974, she filed an informal complaint with officials of the Equal Employment Opportunity Commission alleging racial discrimination in the denial of her promotion at the Hospital. The Equal Employment Opportunity Commission counselor assigned to investigate the complaint found no evidence of discrimination. Thereafter, the plaintiff filed a formal complaint with the Veterans Administration on July 24, 1974, and an investigation by an attorney for the Veterans Administration Regional Office, conducted in a period between September 23, 1974 and November 4, 1974, again resulted in a finding adverse to the plaintiff's contentions. The Office of the General Counsel of the Veterans Administration, in a decision dated January 31, 1975, rejected with finality the plaintiff's administrative appeal. On March 3, 1975, within the time limit specified in 42 U.S.C. § 2000e–16, the plaintiff filed this action.

On July 20, 1975, after the filing of the suit, but prior to any adjudication on its merits, the plaintiff received the promotion she sought through her filed grievances. The plaintiff no longer presently wishes to pursue her remedy for back pay, but does pray an award of attorney's fees under 42 U.S.C. § 2000e–5(k):

"In any action or proceeding under this [Title] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

It is the plaintiff's contention that she was promoted by virtue of the lawsuit, and, therefore, that she should be considered "the prevailing party." The defendants, on the other hand, argue that the plaintiff was not promoted as a result of the suit, but because she became eligible for promotion on July 20, 1975 at which time she was promoted. "This promotion was awarded solely on the basis of her qualification and not because of the pending litigation."

If the Court were to agree with the proposition that a litigant can be a "prevailing party" without formal court adjudication on the evidence of the controversy, cf. *Parker v. Matthews,* 411 F.Supp. 1059, 44 U.S.L.W. 2497 (D.D.C.1976); *Aspira of New York, Inc. v. New York City Board of Education,* 65 F.R.D. 541 (S.D.N.Y.1975), the Court would be in a position of speculating or hypothecating on the basis of little more than a hunch as to which litigant would have won at trial on the merits. *See Clanton v. Allied Chemical Corp.,* 409 F.Supp. 282 (E.D.Va.1976). Clairvoyance is not an attribute of the Court, and plaintiff's invitation to engage in same is rejected. Plaintiff must either procure a stipulation from the defendants as to payment of counsel fees or affirmatively establish, either by uncontroverted affidavits or the introduction of evidence at trial, that she has prevailed on the merits before she is entitled to recover attorney's fees. Admittedly, any evidentiary hearing, if required, need not be a full scale trial, for only liability need be proven. Damage claims, for example, have become irrelevant, unless the plaintiff wishes to reassert them for they have presently been withdrawn. To hold otherwise would arbitrarily dilute any meaning attached to the phrase "prevailing party."

In conclusion, the instant record is not sufficient to determine culpability on the merits so as to allow an informed judgment on whether the plaintiff is the "prevailing party." *See Clanton v. Allied Chemical Corp., supra.*

An appropriate order will issue.

### ORDER

For the reasons stated in the Memorandum of the Court this day filed, and deeming it proper so to do, it is ADJUDGED and ORDERED that the plaintiff's motion for attorney's fees be and the same is hereby denied. If plaintiff wishes to pursue the issue, she is directed to notify the Clerk of this Court of her intention to so do within ten (10) days of this date to the end that the case be set down for a pre-trial conference on the next available date for docket call. Failure to so notify the Clerk will result in the final dismissal.