**FIREBIRD SOCIETY et al., Plaintiffs,**

**v.**

**MEMBERS OF the BOARD OF FIRE COMMISSIONERS et al., Defendants.**

**Civ. No. 15876.**

United States District Court,
D. Connecticut.

Nov. 3, 1976.

Michael P. Koskoff, Bridgeport, Conn., David N. Rosen, New Haven, Conn., for plaintiffs.

Thayer Baldwin, Corp. Counsel, Joseph D. Garrison, New Haven, Conn., for defendants.

## RULING ON PLAINTIFFS' MOTION FOR AN AWARD OF COUNSEL FEES AND COSTS

ZAMPANO, District Judge.

This suit, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was commenced on October 5, 1973, challenging the constitutionality of the hiring and promotional procedures with respect to minority groups in the New Haven Department of Fire Services ("Department"). The plaintiffs were the Firebird Society of New Haven, Inc. ("Firebirds"), an organization composed of all the black firemen in the Department, several individual members of that organization, and certain past and prospective minority applicants to the Department. The defendants include the New Haven Board of Fire Commissioners, the Civil Service Commission of the City of New Haven, the Fire Department and its Chief, and the City of New Haven and its Mayor. Upon motion, 17 white Captains in the Department who had been appointed but not assigned to duty were permitted to intervene as defendants.

Soon after the commencement of this action, the Court and counsel joined in an intense, lengthy and concerted effort to resolve this highly complex and sensitive case. After several court hearings and 23 chambers conferences, all the issues, except attorneys' fees, were eventually settled and a final decree entered on August 30, 1974. However, the case was not laid to rest at that point. Subsequently, a group identi-fied as the Firefighters' Committee To Preserve Civil Service, Inc. was organized to intervene and challenge the settlement of this lawsuit. Additional proceedings ensued and after the Court denied relief to the applicants for intervention, 66 F.R.D. 457 (D.Conn.1975), an appeal was prosecuted to the Second Circuit where the Court's decision was affirmed. *Firebird Society, Inc. v. New Haven Board of Fire Commissioners*, 515 F.2d 504 (2 Cir. 1975) (per curiam).

The only remaining question concerns the amount of attorneys' fees to be awarded under 42 U.S.C. § 2000e–5(k). A hearing was held and comprehensive briefs have now been filed. Cf. *Thomas v. Honeybrook Mines*, 428 F.2d 981, 988–989 (3 Cir. 1970), cert. denied, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971); *Jordan v. Fusari*, 422 F.Supp. 1179 (D.Conn.1975). To support their request for $250,000 in fees, counsel for plaintiffs rely on the following factors: the benefits conferred on the named plaintiffs and the class represented, the nature of the work performed and the skill with which it was performed, the time and effort expended, and a contingency fee which is claimed to be merited under the circumstances. The defendants, on the other hand, contend that the plaintiffs should pay their own lawyers' fees or, alternatively, if attorneys' fees are assessed, the award should not exceed the reasonable value for actual working hours less time spent in the course of opposing the aforementioned motion to intervene before this Court and on appeal.

I

The first argument advanced by the defendants is rejected. There is little doubt that the plaintiffs were the prevailing parties in this litigation which permits the Court, pursuant to 42 U.S.C. § 2000e–5(k), in its discretion, to award "a reasonable attorney's fee as part of the costs." See also *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 261–263, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Evans v. Sheraton Park Hotel*, 164 U.S.App.D.C. 86, 503

F.2d 177, 186–187 (1974). Collection of fees from the offending municipal officials and bodies is particularly appropriate here. Plaintiffs secured extensive relief in the areas of recruitment, hiring, and promotion of minorities in the Department, thereby "vindicating a policy to which Congress gave the highest priority, the elimination of racial discrimination." *Fort v. White*, 530 F.2d 1113, 1117–1118 (2 Cir. 1976); cf. *Carrion v. Yeshiva University*, 535 F.2d 722, 727 (2 Cir. 1976). The fact that the plaintiffs achieved these significant results by virtue of a negotiated settlement rather than a trial on the merits alters neither their notable success in the outcome nor their status as the prevailing parties under the statute. *Parker v. Matthews*, 411 F.Supp. 1059 (D.Col.1976); cf. *Torres v. Sachs*, 538 F.2d 10, 12–13 (2 Cir.), (1976). Thus, an award of attorneys' fees in the instant case would be an equitable and just application of judicial discretion. Cf. *Jordan v. Fusari*, 496 F.2d 646, 650–651 (2 Cir. 1974); see also *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393–394, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corporation*, 487 F.2d 161, 164–166 (3 Cir. 1973).

## II

■ At best, it is a difficult task for the Court to determine the value of attorneys' fees when the issue is contested. The function becomes even more troublesome when the objections are focused upon the services rendered by two experienced, qualified members of the trial bar. From the outset, the plaintiffs have been represented by Michael P. Koskoff and David N. Rosen, both of whom are skilled, seasoned advocates who enjoy the highest reputation in the legal community. In evaluating the fee requests, the factors placed on the scale by the Court include: (1) time and labor spent; (2) counsel's experience and reputation; (3) the magnitude and complexity of the litigation; (4) the amount recovered; (5) the attorneys' "risk of litigation;" and (6) awards in similar cases. See e. g., *City of Detroit v. Grinnell Corporation*, 495 F.2d

448, 468–474 (2 Cir. 1974); *Brandenburger v. Thompson*, 494 F.2d 885, 890 n. 7 (9 Cir. 1974); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5 Cir. 1974); *Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D.Cal.1974).

■ In addition, a complicating issue concerns whether counsel's efforts in opposing the motions of the applicants for intervention before this Court and on appeal are proper items for payment by the defendants. There is little question that counsel expended a great deal of time in the successful defense of this phase of the case. Yet it would appear to be fundamentally unfair that the defendants absorb this cost of litigation. The proceedings in question developed after the initial disputes in the main suit were resolved by the diligent efforts and commendable cooperation of all the attorneys, including defense counsel. See 66 F.R.D. 457. The defendants, as well as the plaintiffs, vigorously opposed the attack upon the settlement decree of August 30, 1974, and in this Court and on appeal they sought to sustain the negotiated settlement. In effect, with respect to this portion of the case, both parties to the original suit were "prevailing parties." Thus, an award of attorneys' fees for the services rendered by plaintiffs' lawyers on the post-settlement proceedings would not be warranted. Cf. *Stolberg v. Members of Bd. of Tr. for State Col. of Conn.*, 474 F.2d 485, 489–491 (2 Cir. 1973).

■ Applying these general standards to the present application, the Court notes, at the outset, that the core issues in the litigation were decided without lengthy and complex litigation. In the early stages of the lawsuit, several of the crucial concerns of the plaintiffs were resolved due to notable concessions by the defendants. Therefore, the Court must weigh in the balance the fair recovery for legal services in the strict sense, and administrative, procedural and clerical work performed by counsel. Moreover, the Court has carefully inspected and considered counsel's time sheets, all the

moving papers, the defendants' objections including those relating to the duplication of effort between the two attorneys, and the necessary exclusions of time attributed to the post-settlement proceedings. Finally, in its determination, the Court distinguishes between time spent in court and time attributed to research and related services.

Accordingly, the Court awards Attorney Rosen $9,370.00 for 58 hours of services at $50.00 per hour, 132 hours at $35.00 per hour, and 74 hours at $25.00 per hour. Attorney Koskoff is granted $4,860.00 computed at 54 hours of services at $50.00 per hour, 26 hours at $35.00 per hour, and 50 hours at $25.00 per hour. In addition, the sum of $1,493.60 is awarded for counsel's out-of-pocket expenses.

### III

In summary, attorneys' fees and other payments are ordered as follows:

| | |
|---|---|
| Attorney David N. Rosen | $9,370.00 |
| Attorney Michael P. Koskoff | 4,860.00 |
| Expenses | 1,493.60 |
| Total: | $15,723.60 |

SO ORDERED.[1]

---

[1]. A time schedule has also been submitted by Attorney W. Paul Flynn who represented the white Captains of the Department who intervened as defendants in this action. A memorandum in support of the application for attorney's fees has been filed and the Court fails to understand from whom Attorney Flynn feels entitled to receive an award. Through his conscientious representation of the intervening defendants, Attorney Flynn's participation in settlement discussions certainly influenced the nature and extent of the remedial actions agreed to by the original parties, but the intervening defendants did not by virtue of this participation become a "prevailing party."