**FIREBIRD SOCIETY, etc.,**
**Plaintiffs-Appellants,**

v.

**MEMBERS OF the BOARD OF FIRE COMMISSIONERS, etc.,**
**Defendants-Appellees.**

**No. 921, Docket 76–7579.**

United States Court of Appeals, Second Circuit.

Argued April 13, 1977.
Decided May 12, 1977.

David N. Rosen, New Haven, Conn. (Rosen, Dolan & Koskoff, New Haven, Conn., Michael P. Koskoff, Koskoff, Koskoff, Rutkin & Bieder, Bridgeport, Conn., on the brief), for plaintiffs-appellants.

Joseph D. Garrison, Sp. Asst. Corp. Counsel, New Haven, Conn., for defendants-appellees.

Before CLARK, Associate Justice,[*] MOORE and MULLIGAN, Circuit Judges.

PER CURIAM:

■ This is an appeal from an award of counsel fees authorized for successful plaintiffs in a civil rights case pursuant to 42 U.S.C. § 2000e–5(k). The suit here involved was commenced by the Firebird Society of New Haven, Inc. in the United States District Court for the District of Connecticut. This organization is composed of all the black firemen in the New Haven Department of Fire Services. The suit, which challenged the constitutionality of the hiring and promotional procedures of the Department with respect to minority groups, was filed on October 5, 1973 and was settled by the entry of a consent order on August 30, 1974 resolving all issues except counsel fees. Later a group of other firemen known as the Firefighters' Committee to Preserve Civil Service, Inc. (Firefighters' Committee) was organized to intervene and set aside the consent order. Intervention was successfully resisted not only by the appellant Firebird Society but by the appellees as well. The opinion of District Judge Robert C. Zampano denying intervention, reported at 66 F.R.D. 457 (D.Conn.), aff'd, 515 F.2d 504 (2d Cir.), cert. denied, 423 U.S. 867, 96 S.Ct. 128, 46 L.Ed.2d 96 (1975), fully reports in detail the settlement proceedings which resolved the issues without trial. After the filing of comprehensive briefs and a hearing, Judge Zampano issued a decision on November 3, 1976 fixing counsel fees for the appellants' attorneys in the sum of $14,230 and out-of-pocket expenses in the amount of $1,493.60. We affirm on Judge Zampano's opinion. We find no abuse of his discretion here upon the record before us which fully complies with the guidelines set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d

* Tom C. Clark, Associate Justice, United States Supreme Court, Retired, sitting by designation.

Cir. 1974). The litigation was settled without trial primarily on the basis of some 23 chamber conferences which gave the District Judge the opportunity to fully assess the quality and quantity of the work performed by counsel. Moreover, we note that it was found that in the early stages of this suit several crucial concerns of the plaintiffs were resolved by notable concessions of the defendants which minimized the risk of litigation. The appellants' claim that counsel fees should be assessed against the appellees for services in opposing the intervention of the Firefighters' Committee is clearly without merit. The appellees joined in opposing intervention and as to that issue were as much prevailing parties as the appellants. There is no viable theory advanced which would permit the recovery of legal fees and costs in these circumstances.

Affirmed.