**Clifton L. BROWN, Plaintiff,**

v.

**Daniel J. BOORSTIN, Defendant.**

**Civ. A. No. 77–1970.**

United States District Court,
District of Columbia.

Dec. 5, 1978.

Shalon Ralph, Chevy Chase, Md., Marna S. Tucker, Washington, D. C., for plaintiff.

Lawrence T. Bennett, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiff has applied to this Court for an award of attorney's fees in the amount of $16,237.50, and costs in the amount of $130.49, pursuant to sections 706(k) and 717(d) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–5(k) & 16(d). Section 706(k) provides, in part, that "the court, in its discretion, may

allow the *prevailing party* . . . a reasonable attorney's fee as part of the costs." (Emphasis added). For the reasons stated herein, this Court sustains the Government's opposition and denies the requested attorney's fees and costs.

## I. BACKGROUND

Plaintiff, an employee of the Library of Congress, filed a complaint with the Library in March 1976 alleging that he was denied a promotion because of his active membership in the Black Employees of the Library of Congress ("BELC"). He alleged that although another black employee had been selected for the job, that person was not as well qualified as plaintiff and was "preselected" because he was not active in the BELC.

Administrative consideration of the plaintiff's complaint led to a finding by the Hearing Examiner that the appointment of the selected employee "resulted from improper procedures evidencing favoritism and preselection." He did not, however, make any finding of racial discrimination. Subsequently the Director of Personnel issued a memorandum to the Library staff declaring that direct recruitment by recommending officers was an unacceptable practice. The position was then reposted, with the same candidate selected. Once again, however, a preselection irregularity nullified the appointment; the same official who was cited in the first instance for engaging in preselection recruitment again participated in the appointment process. Again the question of discrimination was not reached. The position was posted a third time, but the plaintiff did not apply for the job, stating that he was no longer interested in the position.

Having failed to establish discrimination at the administrative level, the plaintiff brought an action in this Court on November 15, 1977. The matter was finally settled by a Stipulation of Dismissal accepted by the Court on July 6, 1978. The Stipulation expressly disclaimed any liability for discrimination, and awarded the plaintiff a settlement of $1,968.09. The parties further agreed that the plaintiff could attempt an application to this Court for attorney's fees and costs.

## II. THE LEGAL ISSUES

As mentioned above, § 706(k) of Title VII of the Civil Rights Act gives the court discretion to grant attorney's fees and costs to the "prevailing party." To qualify as a "prevailing party," a plaintiff need not gain a full court victory on the merits. *N. A. A. C. P. v. Bell*, 448 F.Supp. 1164 (D.D.C. 1978); *Firebird Society v. Members of Board of Fire Comm.*, 433 F.Supp. 752 (D.Conn.1976), aff'd, 556 F.2d 642 (2d Cir. 1977); *Foster v. Boise-Cascade, Inc.*, 420 F.Supp. 674 (S.D.Tex.1976); *Parker v. Matthews*, 411 F.Supp. 1059 (D.D.C.1976), aff'd sub. nom., *Parker v. Califano*, 182 U.S.App. D.C. 322, 561 F.2d 320 (1977). Awards have been upheld when parties demonstrated discrimination by the defendant but were unable to prove that they were victims of it, and when parties have sustained some but not all of their claims. *See Grubbs v. Butz*, 179 U.S.App.D.C. 18, 19 n.5, 548 F.2d 973, 974 n.5 (1976). For example, when the plaintiff's suit serves as a "catalyst" and prompts the defendant to correct generally discriminatory practices, § 706(k) awards have been found to be appropriate. *Parham v. Southwestern Bell*, 433 F.2d 421 (8th Cir. 1970); *Fogg v. New England Tel. & Tel.*, 346 F.Supp. 645 (D.N.H.1972). Thus, courts have not narrowly construed § 706(k). Instead, even small victories against discrimination have merited awards of attorney's fees and costs.[1] In this way, § 706(k) has continued to fulfill its congressionally ordained intent to act as an incentive for the filing of nonfrivolous discrimination suits. *See generally, Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

---

1. Some courts have applied a "reduction rule" that awards attorney's fees and costs in proportion to the degree of the plaintiff's success. *See, e. g., Schaeffer v. San Diego Yellow Cabs,* *Inc.*, 462 F.2d 1002, 1008 (9th Cir. 1972); *Keyes v. School Dist. No. 1*, 439 F.Supp. 393, 400 (D.Colo.1977).

Despite the courts' general liberality in awarding attorney's fees and costs to parties who do not completely "prevail" in their suits, § 706(k) does require a threshold finding of some discrimination before a § 706(k) award is appropriate. *Grubbs v. Butz, supra,* 179 U.S.App.D.C. at 20–21, 548 F.2d at 975–76; *Kulkarni v. Alexander,* No. 76–1849, slip op. at 16 (D.C.Cir. Sept. 29, 1978). In *Grubbs,* this Circuit held that an award of fees and costs was premature when a plaintiff had yet to prove any discrimination on the part of the defendant. Judge Bazelon concluded: "[W]e cannot believe Congress would have countenanced assessing fees against a defendant absent any showing of discrimination. For all we know, the defendants in this case may be entirely blameless." *Id.* 179 U.S.App.D.C. at 21, 548 F.2d at 976. *See also, Parker v. Matthews, supra* at 1064. Using similar reasoning, courts have declined to grant any award for negotiated settlements that concede no discrimination. *Goodall v. Mason,* 419 F.Supp. 980 (E.D.Va.1976); *Clanton v. Allied Chemical Corp.,* 12 FEP Cases 1115 (E.D.Va.1976); *cf. Richardson v. Civil Service Comm. of N. Y.,* 420 F.Supp. 64 (S.D.N.Y.1976) (settlement silent, but court takes judicial notice of discrimination).

Analysis of these judicial interpretations of § 706(k) demonstrates that a sliding scale of "success" exists, enabling plaintiffs who achieve at least a partial victory against discrimination to recoup some, or all, of their attorney's fees and costs.[2] At the same time, a party does not "prevail" for purposes of a § 706(k) award when the plaintiff makes no threshold showing of discrimination at any stage of the proceedings.

■ The case before the Court falls into the second category of discrimination suits: Brown does not merit a § 706(k) award of fees and costs because he has not made a threshold determination of any discriminatory practice undertaken by the defendant. Neither administrative proceedings nor the court-approved settlement reflects any discrimination or concession of discrimination by the defendant.

The plaintiff argues that the defendant's articulation of a policy against the direct recruitment, or "preselection" method of filling vacant Library of Congress positions circumstantially illustrates the defendant's discriminatory practices. He argues that his suit functioned as a "catalyst" for the policy change, and thus served a valuable public service, meriting a § 706(k) award. This argument fails, however, without the linkage of the Library's preselection practice to a showing of some discriminatory employment practice. A defendant does not implicate himself under Title VII merely by implementing a new, sensible policy against preselection. To penalize employers for beneficially changing employment policies, when no administrator or court has found the practice eliminated by the new policy was in some fashion used to implement racial discrimination proscribed by Title VII, would carry the catalyst theory too far. There first must be a prima facie showing of some discrimination before a Title VII party plaintiff "prevails" under circumstances resulting in settlement after litigation commences. Finding no such showing in this case, this Court exercises its discretion under § 706(k) and denies plaintiff's application for an award of attorney's fees and costs.

SO ORDERED.

---

**2.** A recent Sixth Circuit case has found that a finding of discrimination is not always enough to entitle a plaintiff to attorney's fees. In *Harrington v. Vandalia-Butler Board of Educ.,* 585 F.2d 192 (6th Cir. 1978), the Court held that plaintiff's showing of discrimination in working conditions did not entitle her to relief under Title VII. The Court held that the plaintiff was attempting to recover compensatory damages for the discrimination, a form of relief not allowable under Title VII. Based on this finding, the Court concluded that the plaintiff was not a "prevailing party" within the meaning of § 706(k), and thus could not recover attorney's fees.