Kenneth W. SMITH et al., Plaintiffs,

v.

Cleveland B. FUSSENICH, Commissioner of State Police, et al., Defendants.

Civ. No. B–74–472.

United States District Court, D. Connecticut.

April 16, 1980.

Ann M. Hamilton Fleischmann & Sherbacow, Hartford, Conn., Davis S. Branch Fairfield County Legal Services, Inc., Bridgeport, Conn., Elizabeth B. DuBois, Eric D. Balber, Legal Action Center of City of New York, Inc., New York City, for plaintiffs.

Carl R. Ajello, Atty. Gen., Hartford, Conn., Frank Rogers, Asst. Atty. Gen., Meriden, Conn., for defendants.

Before TIMBERS and NEWMAN, Circuit Judges, and ZAMPANO, District Judge.

### RULING ON PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

ZAMPANO, District Judge:

This motion for an award of attorneys' fees and costs is brought by the New York Legal Action Center pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as amended, which provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

In opposition, the defendants contend that the requested amount is excessive and, in any event, is barred by the Eleventh Amendment.

## I

On December 27, 1974, the Fairfield County Legal Services, Inc., commenced this class action suit under 42 U.S.C. § 1983 to challenge the constitutionality of § 29–156a(c) of the Connecticut General Statutes, an enactment which barred felony offenders from employment with licensed private detective and security guard agencies. On May 9, 1975, the New York Legal Action Center (hereinafter "the applicant") submitted an *amicus* brief and, on September 15, 1975, entered the case as counsel for the plaintiffs.

After extensive briefing of the legal issues and oral arguments on cross-motions for summary judgment, this three-judge court issued an opinion granting relief to the plaintiffs. *Smith v. Fussenich*, 440 F.Supp. 1077 (D.Conn.1977) (Newman, J., concurring). As the representative of "the prevailing party" within the meaning of the statute, see, e. g., *Gagne v. Maher*, 594 F.2d 336, 340 (2 Cir.), cert. granted, 444 U.S. 824, 100 S.Ct. 44, 62 L.Ed.2d 30 (1979); *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 36 and n.2 (2 Cir. 1978), the applicant now requests attorneys' fees in the amount of $10,295 for 164.25 hours of preparation, and reimbursement of expenses in the sum of $234.90.

## II

Defendants first claim that the payment of attorneys' fees and costs in this

action would constitute an award of monetary damages against a state, and that such an award is barred by the Eleventh Amendment as construed by the Supreme Court in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). This argument must be rejected in the light of several post-*Edelman* cases in which the Second Circuit has held that an award of attorneys' fees and costs would have only an "ancillary effect on the state treasury" and, therefore, it was exempted from the *Edelman* proscription against compensatory relief to be paid by the state. *Gagne v. Maher*, supra, 594 F.2d at 341–43; *Class v. Norton*, 505 F.2d 123, 126 (2 Cir. 1974); *Jordan v. Fusari*, 496 F.2d 646, 651 (2 Cir. 1974); see also *Hutto v. Finney*, 437 U.S. 678, 689–693, 98 S.Ct. 2565, 2573–2575, 57 L.Ed.2d 522 (1978).

▪ The defendants next contend that, even assuming the applicant's eligibility for an allowance of fees and expenses, the time spent in establishing the entitlement to a recovery must be excluded from consideration. However, it is well settled that reasonable compensation may be awarded for an attorney's time in litigating a fee claim. *Gagne v. Maher*, supra, 594 F.2d at 343–44; *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3 Cir. 1978).

Also challenged by the defendants is the applicant's request for compensation for 30 hours of work devoted to this case in an *amicus* capacity. Precise precedent has neither been cited nor uncovered by independent research. In *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946), the Supreme Court disapproved of an award of attorneys' fees and expenses for *amici* on the grounds that the attorneys were representing "substantial private interests," had remained *amici* throughout the proceedings, and had been paid for their services by "private clients." *Id.* at 578, 581, 66 S.Ct. at 1178, 1179.

▪ Here, however, the applicant actively pursued the plaintiffs' interests not only as *amicus* but also as counsel of record, and, as a civil rights organization, has not exacted any fees or costs from the plaintiffs.

Moreover, the Fairfield County Legal Services' lawyers, who represented the plaintiffs prior to the applicant's formal appearance, have waived their rights to fees. Under these circumstances, we believe fairness and equity require that appropriate counsel fees be awarded for the applicant's services as an *amicus* in the early stages of this case. *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, supra, 578 F.2d at 37; cf. *United States v. Board of Education*, 605 F.2d 573, 576 (2 Cir. 1979) (recognizing that input from intervenors and *amici curiae* can have significant value in achieving some of the benefit the parties sought in bringing suit).

▪ The defendants' final contention is that the fees sought are excessive. The task of ascertaining the proper amount of reasonable attorneys' fees is difficult at best. In making awards based on fee petitions, the factors evaluated and placed on the scales by courts include: 1) time and labor spent; 2) counsel's experience and reputation; 3) the magnitude and complexity of the litigation; 4) the results achieved; 5) the quality of the advocacy; 6) the ability of the defendants to pay; and 7) awards in similar cases. See, e. g., *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025, 1028 (2 Cir. 1979); *Gagne v. Maher*, supra, 594 F.2d at 345; *Firebird Society v. Members of Board of Fire Commissioners*, 433 F.Supp. 752, 755 (D.Conn.1976), aff'd 556 F.2d 642 (2 Cir. 1977) (per curiam).

After careful review and consideration of all the relevant facts and applicable legal principles, we are of the opinion that a reasonable hourly rate to be applied to the applicant's services, which consisted primarily of research and the preparation of briefs, is $40 per hour, for a total award of $6570. In addition, an allowance of $234.90 for expenses is granted.