Vallorie CLARK

v.

Alan STACH.

Civ. No. B-83-514.

United States District Court,
D. Connecticut.

Sept. 18, 1987.

Richard Shapiro, Weinstein & Weiner, P.C., Bridgeport, Conn., for plaintiff.

Raymond Rubens, Office of City Atty., Bridgeport, Conn., for defendant.

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

DALY, Chief Judge.

On June 18, 1987, plaintiff in the above-captioned case submitted a motion for attorney's fees under 42 U.S.C. § 1988. On July 1, 1987, that motion was denied without prejudice for failure to document the time claimed. Plaintiff subsequently renewed her application on July 30, 1987. The renewed motion is hereby granted in part, and plaintiff is awarded $8,075.00 in attorney fees.

## BACKGROUND

On August 10, 1983, plaintiff brought an action under 42 U.S.C. §§ 1981 and 1983 alleging violations of her civil rights protected under the United States Constitution. In her amended complaint, plaintiff claimed that the defendant, a police officer for the City of Bridgeport, assaulted and arrested her without probable cause and under color of state law, which resulted in injuries to the plaintiff. On September 19, 1985, an Order of Dismissal was entered under Local Rule 16 for failure to prosecute. Upon plaintiff's motion, the case was reopened on November 14, 1985.

Jury selection began in October, 1986. However, the Court discharged the first jury upon finding that the defendant had used his peremptory challenges to prevent black venire persons from becoming jurors in violation of the equal protection clause of the fourteenth amendment. The Court thereafter awarded attorney's fees to the plaintiff for the jury selection. *See Clark v. City of Bridgeport,* 645 F.Supp. 890 (D.Conn.1986).

In January, 1987, a first trial was conducted. Although the jury returned a verdict in favor of the defendant on the issue of resisting arrest, it was unable to reach a verdict on the plaintiff's equal protection, excessive force, and false arrest claims. Accordingly, the Court declared a mistrial. By contrast, the second trial, which took place in April, 1987, resulted in a jury verdict for the plaintiff on the claim of excessive force and on the issue of punitive damages, and a verdict for the defendant on the equal protection and the false arrest claims. Judgement was entered upon the verdict on April 21, 1987.

Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988 on June 18, 1987, claiming that 128.75 hours were expended by plaintiff's attorney on this case for which a rate of $125.00 per hour for the fee award as well as an upward adjustment of the award was requested. The motion was denied without prejudice for failure to document, and the plaintiff renewed the motion on July 30, 1987, with supporting documentation. Defendant objects to the application for attorney's fees, arguing that portions of the time plaintiff claims to have expended in the matter should be excluded or compensated at a lower hourly rate, that plaintiff should not receive the requested rate of $125.00 per hour, and that no upward adjustment should be made to the fee award.

## DISCUSSION

The Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988, provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The aim of the Act was to encourage private enforcement of federal civil rights legislation. *See City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 2695–96, 91 L.Ed.2d 466 (1986); *Kerr v. Quinn,* 692 F.2d 875, 877 (2d Cir.1982).

As a threshold matter, in order to obtain an award of attorney fees under § 1988, the party seeking the award must be a "prevailing party." The standard for determining whether a party is "prevailing" is a broad one. A common formulation of the standard is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). A party need not be successful on every claim to obtain attorney's fees; rather, a plaintiff is a "prevailing party" if she essentially succeeds in accomplishing the objective of her action. *Morrison v. Ayoob,* 627 F.2d 669 (3d Cir.1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981).

The courts have fashioned a two-step procedure for determining a reasonable attorney's fee award. The first step is the determination of the "lodestar" amount. The lodestar amount is calculated by multiplying the number of hours reasonably expended in the case by the prevailing party by a reasonable hourly rate. A court must exclude from the lodestar calculation any hours that are excessive, redundant, or otherwise not reasonably expended in the litigation, and the requesting party must provide adequate documentation of the hours worked. *Hensley,* 461 U.S. at 433–34, 103 S.Ct. at 1939–40. A reasonable hourly rate is that "normally charged for similar work by attorneys of like skill in the area." *Cohen v. West Haven Bd. of Police Commissioners,* 638 F.2d 496, 505 (2d Cir.1980).

After determining an objective basis for the fee award by calculating the lodestar amount, the court may make upward or downward adjustments to the fee award upon consideration of various subjective factors. *Blum v. Stenson,* 465 U.S. 886, 897–98, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984); *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. Such factors may include the risk and complexity of the matter, and the quality of the representation provided by the attorney. *Cohen,* 638 F.2d at 505.

█ Even though she was not successful on all counts, the plaintiff was a prevailing party at the second trial. The plaintiff obtained a jury verdict in her favor on the issues of excessive force and punitive damages, thereby achieving some of the benefit sought by bringing the action. *See Hensley,* 461 U.S. at 433, 435, 103 S.Ct. at 1939, 1940. However, the plaintiff cannot be considered a prevailing party with regard to the first trial. In that trial, the jury delivered a verdict in favor of the defendant on the issue of resisting arrest but was hung on all other issues. The plaintiff's complete lack of success in the first trial cannot by any means render her a prevailing party with regard to that trial. Plaintiff claims to have expended 37.75 hours in connection with the first trial. Therefore, this expenditure of time should be excluded from any fee award.

█ Excluding the hours spent on the first trial, plaintiff's counsel represents that a total of 91.00 hours were expended in the case. However, 2.75 hours were spent in responding to the Court's Order of Dismissal pursuant to Local Rule 16 for failure to prosecute. The Court will not compel the defendant to bear the costs arising from the plaintiff's lack of diligence. To do so would neither result in a determination of the reasonable hours required by the lodestar calculation nor further the goal of § 1988 to facilitate private representation in civil rights litigation. This amount will therefore be excluded from the determination of the fee award.

█ Plaintiff claims that 15 hours were spent in preparing plaintiff's memorandum in Opposition to Defendant's Motion for Judgment Notwithstanding the Verdict or New Trial. The Motion, however, did not raise any issues or arguments of particular complexity or uniqueness. Moreover, after preparing for two full trials, plaintiff's

counsel should have been relatively familiar with the types of issues presented by the defendant's motion. Given that the plaintiff maintains that a total of approximately 128 hours were expended in litigation including two trials and a separate third jury selection, 15 hours spent preparing this motion is, in the opinion of the Court, an unreasonable expenditure of time. Therefore, in accordance with the Court's discretionary authority under § 1988, the amount will be reduced by fifty percent to 7.5 hours. This reduced amount is a reasonable expenditure of time for preparation for such a motion and will be included in the lodestar calculation.

■ Defendant objects to the plaintiff's inclusion in the request for a fee award of five hours spent preparing plaintiff's Memorandum in Support of Motion for Allowance of Attorney Fees. Defendant, however, is incorrect in suggesting that this time does not in any way promote the interests of the plaintiff. A prevailing party is entitled to recover fees for time reasonably spent on a fee application. *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1979); *Smith v. Fussenich*, 487 F.Supp. 628, 630 (D.Conn. 1980). Not allowing the prevailing party to recover fees for time expended in a fee application would diminish the inducement created by fee awards, and would undermine the goal of promoting private representation in civil rights actions. *See East-way Construction Corp. v. City of New York*, 637 F.Supp. 558, 577 (E.D.N.Y.1986), *modified on other grounds*, 821 F.2d 121 (2d Cir.1987). Moreover, plaintiff's counsel represents that the time claimed for the fee application included only the preparation of the the plaintiff's first Memorandum in Support, and none of the time spent on compilation of hours for the application.[1]

■ Defendant also objects to time claimed by the plaintiff that the defendant characterizes as "clerical" or "ministerial." Specifically, the time spent by the plaintiff on telephone interviews and correspondance does not appear to be either unreasonable or excessive. Such time expenditures will be included in the lodestar amount.

■ The plaintiff requests that the total number of hours expended in the case be multiplied by an hourly rate of $125.00. By contrast, when the Court awarded attorney fees to the plaintiff after the first jury selection, the plaintiff requested and received an hourly rate of only $100.00. The plaintiff now maintains that the reason for the lower first request was the plaintiff's desire to avoid undue embarassment to opposing counsel. Nevertheless, despite the plaintiff's good intentions, the Court found that $100.00 was a fair and reasonable rate in the earlier fee award, and barring some additional justification for a rate increase, that amount continues to be a fair and reasonable rate that is "normally charged for similar work by attorneys of like skill in the area." *Cohen*, 638 F.2d at 505.

Having determined the number of hours plaintiff reasonably spent in the case and a reasonable hourly rate, the lodestar amount may be calculated. The number of hours reasonably expended in the matter, 80.75, multiplied by the reasonable hourly rate of $100.00, results in an amount of $8,075.00.

■ The plaintiff further requests that the Court make an upward adjustment to the lodestar amount. The plaintiff, however, has failed to provide support for such an adjustment. The litigation did not comprise any significantly difficult, complex, or unique issues. Nor was the quality of representation by the plaintiff's counsel of sufficiently superior quality to justify an increased award. *See Blum v. Stenson*, 465 U.S. 886, 899–901, 104 S.Ct. 1541, 1549–50, 79 L.Ed.2d 891 (1984). Furthermore,

---

1. Defendant also argues that the time spent on the fee application should be compensated at a lower hourly rate than other time expended in the case. A lower hourly rate might be appropriate if the time spent on the fee application included only routine review of the total hours plaintiff claimed. *See Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). However, this is not the case here, and there appears to be no reason to justify applying a lower rate.

although the plaintiff was a prevailing party, she did not succeed on all claims. For these reasons, the Court does not find adequate grounds to make an upward adjustment of the fee award above the lodestar amount.

Accordingly, the plaintiff is hereby awarded a sum of $8,075.00 in attorney's fees.

SO ORDERED.