James F. YOUNG, on his own behalf and on behalf of all others similarly situated

v.

INTERNATIONAL TELEPHONE & TELEGRAPH CO., NESBITT DIVISION, et al.

Civ. A. No. 70–2103.

United States District Court, E. D. Pennsylvania.

Sept. 5, 1972.

Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff.

Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant Internat'l Tel. & Tel. Co., Nesbitt Div.

Wilderman, Markowitz & Kirschner, Philadelphia, Pa., for defendant Local #19 Sheet Metal Workers Int. Assn.

Bolger & Picker, Philadelphia, Pa., for defendant Hershman Sheet Metal.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

In 1970, James Young filed a Civil Rights action under 42 U.S.C. § 1981 against International Telephone & Telegraph Co., Nesbitt Division, Hershman Sheet Metal Works, Local #19, Sheet Metal Workers, International Association, 4010, and Al Kern, Individually and as Vice President of Local #19, Sheet Metal Workers International Association, alleging discrimination in hiring and job assignment policies. At that time plaintiff was represented by Edwin D. Wolf, Esquire. On September 3, 1970, the action was dismissed in the District Court for failure to exhaust administrative remedies. On February 11, 1971, 438 F.2d 757, the Third Circuit reversed, holding that exhaustion of the administrative remedies available was not necessary for the bringing of a suit under 42 U.S.C. § 1981. The case was remanded to the District Court for trial. In March of 1971, Mr. Wolf withdrew as Young's counsel and Alan M. Lerner, Esquire entered the case in that capacity. Mr. Wolf has now moved this Court to award him counsel fees taxable against the defendants for his services.

All that has been determined thus far in the suit is that jurisdiction exists based on the allegations in the complaint. For all this Court now knows as a matter of record all the defendants may be as blameless as lambs, and so the Court is bound to assume by the rules of evidence, as the burden of persuasion to the contrary rests on the plaintiff. It would be patently unfair to make a presumably blameless defendant, already put to great expense in defending a suit, pay the attorneys' fees of the party who sued the defendants. None of the cases cited by the movant are in point, for in each there was some factor which would support an inference of the defendant's culpability somewhere in the record, and in none were attorneys' fees awarded before a pending trial on the merits. It is true that the movant has ably prosecuted this case to a final decision on a point of law, but we can hardly agree that, for the purposes of awarding attorneys' fees this is relevant, or to be confused in its effect with a final determination on the merits, or some development which adjusts the conflict between the parties and moves the case out of Court.

Should the plaintiff prevail in this matter, the movant may again apply for his fees. But should the defendants prevail in this action, this Court feels that movant will find himself in the regrettable position of all generals who win great victories in wars which are ultimately lost: He shall have glory, perhaps, but few material rewards.