**Violet Davis GRUBBS, Individually, and on behalf of all persons similarly situated, Appellant,**

v.

**Earl L. BUTZ, Individually, and as Secretary of Agriculture, et al.**

No. 73–1955.

United States Court of Appeals, District of Columbia Circuit.

July 26, 1976.

Jane Lang McGrew, Washington, D. C., was on the pleadings for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, George A. Stohner and Karen I. Ward,

Asst. U. S. Attys., Washington, D. C., were on the pleadings for appellee.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

Opinion for the Court filed by Chief Judge BAZELON.

Separate Statement filed by Circuit Judge MacKINNON, concurring in the result.

BAZELON, Chief Judge:

The sole question on this motion is whether appellant—who claims but has yet to prove that the Department of Agriculture discriminated against her in employment— is entitled to attorney's fees for services in a substantially successful interlocutory appeal.

On May 4, 1973, Ms. Grubbs instituted an action in the District Court pursuant to § 717(c) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c) (Supp. IV 1974), alleging that she had been the victim of sex discrimination by the Department of Agriculture and had been subjected to reprisals since her filing of a formal complaint with the Department almost two years earlier.[1] She sought and obtained a temporary restraining order, prohibiting the Department from continuing separate administrative proceedings on her allegations. The trial judge subsequently refused to grant her request for a preliminary injunction and ruled that she would "be required to exhaust her administrative rem-

edies within the [Department]" before proceeding further in District Court. In *Grubbs v. Butz,* 169 U.S.App.D.C. 82, 514 F.2d 1323 (1975), we affirmed the denial of the injunction, but ruled that no further exhaustion should have been required, that the court and the Department could exercise concurrent jurisdiction, and that the court could not rely on the record of administrative proceedings that were not completed prior to the filing of the civil action without giving Ms. Grubbs a full opportunity to present her own evidence in court. The effect of our decision was to allow Ms. Grubbs to "safely elect to concentrate her entire resources on the judicial proceedings."[2]

Ms. Grubbs now asserts that she is entitled to an award of attorney's fees as a "prevailing party" under § 706(k) of the Civil Rights Act of 1964,[3] which was rendered applicable to employment discrimination actions against the federal government by § 717(d) of the Equal Employment Opportunity Act of 1972.[4] Finding her claim premature, we deny it.

Most courts that have been called upon to construe the "prevailing party" provision have done so in cases in which the focus was on the propriety of awards to parties who had demonstrated discrimination by the defendant but were unable to prove that they were victims of it, or to parties who have sustained some but not all of their claims. Awards have been upheld in both of these situations.[5] For the purposes of this motion, we assume that despite her

1. For a more complete statement of the facts, see *Grubbs v. Butz,* 169 U.S.App.D.C. 82, 514 F.2d 1323 (1975).

2. *Id.* at 1330.

3. Pub.L. 88–352, 42 U.S.C. § 2000e–5(k) (1970) provides:

In any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

4. Pub.L. 92–261, 42 U.S.C. § 2000e–16(d) (Supp. IV 1974) provides that, "The provisions

of section 706(f) through (k), as applicable, shall govern civil actions brought hereunder."

5. *See, e. g., Rosenfield v. Southern Pacific Co.,* 519 F.2d 527, 529 (9th Cir. 1975); *Barnett v. W. T. Grant Co.,* 518 F.2d 543 (4th Cir. 1975); *Lea v. Cone Mills Corp.,* 438 F.2d 86 (4th Cir. 1971); *Parham v. Southern Bell,* 433 F.2d 421 (8th Cir. 1970).

A few courts, without discussion, have allowed interim fee awards under § 706(k), prior to findings of discrimination. *See Malone v. North American Rockwell Corp.,* 457 F.2d 779, 781 (9th Cir. 1972); *Green v. McDonnell Douglas Corp.,* 463 F.2d 337, 344 (8th Cir. 1972), *vacated and remanded on other grounds,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

failure to obtain injunctive relief, Ms. Grubbs "prevailed" on the interlocutory appeal. The more troubling question remains—whether her success on that interlocutory appeal qualifies her as a "prevailing party" within the meaning of the statute.

The statute, however, does not define "prevailing party." Scant attention was focused on the attorney's fee provision amid the sound and fury of the extended debates on the 1964 Civil Rights Act. No counsel fee provision was included in the version of Title VII reported out of the House Judiciary Committee,[6] or that initially approved by the House of Representatives and submitted to the Senate.[7] The provision first appeared in Title VII as part of a comprehensive amendment in the nature of a substitute, submitted by Senators Mansfield

and Dirksen.[8] That comprehensive amendment was approved by the Senate[9] and later adopted in toto by the House.[10]

From the Senate debate on the Mansfield-Dirksen amendment, however, two purposes for § 706(k) emerge. First, Congress desired to "make it easier for a plaintiff of limited means to bring a meritorious suit," as Senator Humphrey stated in explaining the changes made by the amendment.[11] Indeed, the attorneys' fee provision was an integral part of the Senate's effort to shift primary responsibility for enforcing Title VII from the EEOC to aggrieved individuals.[12] But second, and equally important, Congress intended to "deter the bringing of lawsuits without foundation" by providing that the "prevailing party"—be it plaintiff or defendant—could obtain legal fees.[13] Were this not

*But cf. Young v. ITT,* 56 F.R.D. 7 (E.D.Pa.1972) (denying fees for interlocutory appeal under 42 U.S.C. § 1981). In *Womack v. Lynn,* 164 U.S. App.D.C. 198, 504 F.2d 267 (1974), this court, in an unpublished order, directed the district court to award attorney's fees to a plaintiff who, on appeal, had won the right to amend his complaint to add a Title VII claim and had won reversal of a grant of summary judgment in favor of defendant.

We have found only one case in which the propriety of an award of fees prior to a decision on the merits has been discussed. In *Van Hoomisen v. Xerox Corp.,* 503 F.2d 1131 (9th Cir. 1974), the defendant was awarded attorney's fees after the EEOC appealed unsuccessfully from an order granting it leave to intervene in support of plaintiff's claim of discriminatory firing, but denying it permission to add to the case a claim of discriminatory hiring practices. Read broadly, *Van Hoomisen* approves fee awards in connection with "significant and discrete" interlocutory appeals, *see id.* at 1133; read narrowly, it approves awards only when an interlocutory appeal results in a final resolution of a separable dispute (the claim of discriminatory hiring).

6. H.R.Rep. No. 914, 88th Cong. 1st Sess. (1963), U.S.Code Cong. & Admin.News 1964, p. 2391.

7. For a section by section analysis of Title VII of H.R. 7152 as approved by the House, see 110 Cong.Rec. 16001–004. The Senate debated the House bill without first referring it to a Committee. *Id.* at 6416–17.

8. *Id.* at 11926–11935; *see id.* at 11897.

9. *Id.* at 14239; *see id.* at 14511.

10. *Id.* at 15869.

11. *Id.* at 12724. In *Newman v. Piggie Park,* 390 U.S. 400, 401–02, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), the Supreme Court found that an identical attorneys' fees provision in Title II of the 1964 Civil Rights Act was intended to "encourage individuals injured by racial discrimination to seek judicial relief." The *Piggie Park* rationale has been found applicable to Title VII cases as well. *See, e. g., Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 503 F.2d 177, 189 (1974); *Lea v. Cone Mills Corp., supra* note 5, at 88; Nussbaum, *Attorney's Fees in Public Interest Litigation,* 48 N.Y.U.L.Rev. 301, 321–22 (1973) (collecting cases).

12. Vaas, *Title VII: Legislative History,* 7 B.C. Ind. & Com.L.Rev. 431, 453 (1966).

13. 110 Cong.Rec. 13668–69 (remarks of Senator Lausche); *cf. id.* at 14214 (remarks of Senator Pastore) (making same point regarding Title II attorneys' fees provisions).

In 1972 the Senate, as part of the Equal Employment Opportunity Act of 1972, adopted an amendment to § 706(k) that would have required that small businesses and unions that prevailed in Title VII actions brought by the EEOC or the United States be indemnified for their attorneys' fees. 118 Cong.Rec. 1847 (1972); *see id.* at 670–71, 1841–47 (debate). The Senate receded from its amendment in conference. S.Rep. No. 92–681, 92nd Cong., 2d Sess., at 19 (1972).

Congress' intent, it would have authorized fees only to prevailing plaintiffs, or to "any party" as it has done in many other instances.[14]

Since Congress was solicitous enough of the rights of innocent Title VII defendants to authorize awards of attorneys' fees in their favor, we cannot believe Congress would have countenanced assessing fees against a defendant absent any showing of discrimination.[15] For all we now know, the defendants in this case may be entirely blameless. If attorneys' fees were assessed against them at this point in the litigation, the ultimately successful party might end up having subsidized a large segment of the losing party's suit against him. While that prospect might be consonant with the goals of a statute authorizing fee awards to any party,[16] we find it contrary to the purposes of one that provides for awards only to the party who prevails.[17] It follows that since Ms. Grubbs has yet to demonstrate discrimination, an award of counsel fees would be inappropriate at this time.

In reaching this conclusion, we in no way imply that an interim fee award would be inappropriate if the losing party had "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ."[18] Nor do we

---

**14.** For federal statutes authorizing or mandating awards of attorneys' fees only to prevailing plaintiffs, *see, e. g.,* Privacy Act, 5 U.S.C. § 552a(g)(2)(B) (Supp. IV 1974) (fees if "complainant has substantially prevailed"); Packers and Stockyards Act, 7 *id.* § 210(f) (1970) (if "petitioner finally prevails"); Clayton Act, 15 *id.* § 15 (persons injured "shall recover" fees); Truth in Lending Act, 15 *id.* § 1640(a) (fees in "successful action"); Fair Labor Standards Act, 29 *id.* § 216(b) ("in addition to any judgment awarded to the plaintiff"); Fair Housing Act of 1968, 42 *id.* § 3612(c) (to "prevailing plaintiff"); Communications Act of 1934, 47 *id.* § 206 ("in every case of recovery"). For statutes authorizing awards to any party, *see, e. g.,* Trust Indenture Act, 15 *id.* § 77www(a); Securities Exchange Act of 1934, 15 *id.* §§ 78i(e), 78r(a); Water Pollution Prevention and Control Act, 33 *id.* § 1365(d); Clean Air Amendments of 1970, 42 *id.* § 1857h–2(d); Noise Control Act of 1972, 42 *id.* § 4911(d) (Supp. IV 1974). For a comprehensive list of federal attorneys' fees statutes, see *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 260–61 n.33, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1974); many of the statutes are reprinted in *Hearings on the Effect of Legal Fees on the Adequacy of Representation Before the Subcomm. on Representation of Citizens Interests of the Senate Comm. on the Judiciary,* 93rd Cong., 1st Sess. pt. 3, at 1266–78 (1973).

In 1971 the House Education and Labor Committee reported a bill, eventually to become the Equal Employment Opportunity Act of 1972, that would have amended § 706(k) to allow only "prevailing plaintiffs" to be granted fee awards. H.Rep. No. 92–238, 92nd Cong., 1st Sess., at 32 (1971), U.S.Code Cong. & Admin. News, 1972, p. 2137. The Committee version, however, was replaced on the House floor by a comprehensive amendment in the nature of a substitute that made no change in § 706(k), 117 Cong.Rec. 31979–80, 32110–13 (1971), and the House did not debate this difference between the Committee and substitute bills.

**15.** It might be argued that since § 706(k) precludes the United States from recovering attorneys' fees, Congress' concern for innocent defendants extended only to private companies and unions. However, the provision barring fee awards to the United States was adopted in 1964 when the United States could be only a plaintiff in a Title VII case, and it is at least uncertain whether § 706(k) bars an award in favor of a head of an agency, department or unit, the only proper defendant in a Title VII action brought by a federal employee, *see* 42 U.S.C. § 2000e–16(c) (Supp. IV 1974). Nor is there anything else in the language of the statute or in the legislative history that indicates that Congress was unconcerned with deterring nonmeritorious suits against federal defendants, although the history of the 1972 Act, *see* note 13 *supra,* indicates that the Senate was more concerned with protecting small employees and unions.

**16.** *See* note 14 *supra.*

**17.** Our interpretation of "prevailing party" is consistent with the interpretation that the phrase has been given when used in other costs or fees statutes. *See, e. g.,* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2667 (1973) (discussing construction of "prevailing party" in F.R.Civ.P. 54(b)).

**18.** *Alyeska Pipeline Co. v. Wilderness Society, supra* note 14, at 258–59, 95 S.Ct. at 1622, *quoting F. .D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974). This well-established exception to the traditional rule barring attorneys' fees has been liberally construed in civil rights cases. *See* Dawson, *Lawyers and Involuntary Clients in Public Interest Litigation,* 88 Harv.L.Rev. 849, 893–94 (1975).

denigrate the propriety of an interim award once discrimination has been established. As Justice Blackmun wrote for a unanimous Court in *Bradley v. School Board of City of Richmond,* courts "must have discretion to award fees and costs incident to the final disposition of interim matters." [19]

Ms. Grubbs has won a significant procedural victory, simplifying the path that victims of discrimination by Government agencies must follow to vindicate their Title VII rights. If Ms. Grubbs succeeds in proving discrimination, the work for which she now claims fees would then be compensable and the magnitude of the procedural victory would be a factor in determining the extent of that compensation.[20] She must, however, move closer to the end of this litigation before an award is appropriate.

*Motion denied.*

MacKINNON, Circuit Judge (concurring):

I concur in the result and that portion of the opinion that is relevant to the result, but I do not concur in the dicta.

---

**19.** 416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974); *see Patterson v. American Tobacco Co.,* 9 EPD ¶ 10,039 (E.D.Va.1975). Appellant's reliance on *Bradley* to support a fee award prior to a finding of discrimination in this case is misplaced. The statute in *Bradley,* 20 U.S.C. § 1617 (Supp. IV 1974) provided for an award of fees "[u]pon the entry of a final order," a term of art *not* synonymous with an adjudication on the merits. In contrast,

§ 706(k) simply states that fees may be awarded to the "prevailing party," a term of art that more nearly suggests that there will be but a single prevailing party.

**20.** *See Evans v. Sheraton Park Hotel, supra* note 12, at 187–88 ("results obtained" one factor to be considered in fixing amount of attorneys' fees).