**AMERICAN ASSOCIATION OF MARRIAGE AND FAMILY COUNSELORS, INC., et al., Plaintiffs,**

v.

**Harold BROWN et al., Defendants.**

Civ. A. No. 75–0649.

United States District Court,
District of Columbia.

Nov. 7, 1977.

Michael B. Gross, Steven L. Engelberg, Daniel G. Grove, Price, Grove, Engelbert & Fried, Washington, D. C., for plaintiffs.

Richard A. Olderman, Sp. Asst. U. S. Atty., Roger G. Weiner, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

WADDY, District Judge.

This case is before the Court on plaintiffs' Motion for Attorneys' Fees. Plaintiffs brought this action against the Department of Defense to prevent Government termination of reimbursement benefits to users of certain marriage, family and pastoral counseling services under the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS).[1] Plaintiffs in this action are the American Association of Marriage and Family Counselors,

---

1. CHAMPUS operates under the authority of the Military Medical Benefits Act and the De- pendents Medical Care Act, 10 U.S.C. §§ 1071– 1088, as amended.

Inc. (AAMFC) and eight (8) individuals eligible for CHAMPUS benefits.

The Court (Richey, J.) earlier granted plaintiffs' Motion for Preliminary Injunction, finding that defendants had failed to properly exercise their discretion, in violation of the Administrative Procedure Act,[2] by eliminating coverage for treatment of nervous and mental disorders when such treatment was rendered by civilian marriage, family and pastoral counselors other than psychiatrists, clinical psychologists and psychiatric social workers. Defendants were preliminarily enjoined from ending reimbursement benefits for such services under CHAMPUS.[3] Thereafter, the parties reached an amicable resolution of the dispute, and a Consent Decree was entered, in which defendants agreed to continue reimbursement under CHAMPUS for treatment by family, marriage and pastoral counselors under certain specified conditions.[4]

Plaintiffs, including AAMFC, now seek the award of a reasonable attorneys' fee, including $39,934.00 as reimbursement for fees which plaintiff AAMFC has already paid to plaintiffs' counsel, and $768.91 as reimbursement for costs which have similarly been paid by AAMFC. As a portion of the fee award plaintiffs seek reimbursement for 72 hours of attorney time spent on lobbying activities connected with, but prior to the commencement of this litigation. Plaintiffs also move for an incentive bonus award, beyond the expenses actually incurred, claiming such to be appropriate "because of the significant result, which preserved important benefits by its success, the relatively low hourly rate charged, and abilities shown."[5]

### I

There is no specific statutory authority for the award of attorneys' fees in this action. Therefore, plaintiffs are seeking an award under the common benefit or common fund exception to the "American rule" that attorneys' fees are not ordinarily recoverable by the prevailing litigant in federal litigation. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 257–260, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

It is plaintiffs' position that a common fund, as in *National Treasury Employees Union v. Nixon*, 172 U.S.App.D.C. 217, 521 F.2d 317 (1975), was created or preserved by this lawsuit, and that the beneficiaries of the common benefit, the potential CHAMPUS claimants, should be directed to bear the expense of this litigation. Plaintiffs propose that to satisfy any fee award by the Court, the Government be required to deduct a small sum from each reimbursement check paid on behalf of a beneficiary who has used the services of marriage, family or pastoral counselors; hold those deductions until an amount sufficient to pay the fee award has accumulated; and then pay the collected funds to plaintiff AAMFC and its counsel.

Plaintiffs argue that there plan escapes the statutory prohibition of 28 U.S.C. § 2412, *infra*, since the funds collected would have accrued to a CHAMPUS beneficiary, would no longer be Government funds, and would make the United States a mere "stakeholder". *See Alyeska, supra,* 421 U.S. at 265–268, 95 S.Ct. 1612.

Defendants oppose an award of counsel fees, contending that no distinct common fund was created by this litigation since CHAMPUS reimbursement funds provided in the annual Department of Defense Appropriations Act are retained by the Defense Department until a proper CHAMPUS claim is received and approved. Unexpended funds lapse to the United

---

**2.** 5 U.S.C. § 706(2)(A).

**3.** *Am. Ass'n. of Marriage and Family Counselors, Inc. v. Schlesinger,* C.A.No. 75–0649 (Memorandum Opinion, filed June 9, 1975).

**4.** *Am. Ass'n. of Marriage and Family Counselors, Inc. v. Rumsfeld,* C.A.No. 75–0649 (Con-

sent Decree and Declaratory Judgment, filed March 25, 1976).

**5.** Plaintiffs' Motion for Attorneys' Fees and Memorandum of Points and Authorities in Support at 8.

States Treasury, which, defendants argue, indicates that the United States is the owner rather than mere holder of the funds, creating a section 2412 bar to a fee award.

Defendants further contend that whatever common benefit may have resulted from this action inured to the AAMFC rather than the CHAMPUS claimants who, by plaintiffs' proposal, would finance this litigation, and over whom, it is asserted, this Court does not have jurisdiction.

## II

■ The parties agree, and the Court finds, that plaintiffs have "substantially prevailed" in this action.[6] Defendants would have terminated CHAMPUS benefits to users of certain marriage, family and pastoral counseling services but for this lawsuit, and the entry of a Consent Decree does not disturb this finding. *See Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 553 F.2d 1360 (1977), *Grubbs v. Butz*, 179 U.S.App. D.C. 18, 548 F.2d 973 (1976).

Plaintiffs would have this Court direct payment of attorneys' fees from what they perceive to be a common fund under *National Treasury Employees Union v. Nixon*, 172 U.S.App.D.C. 217, 521 F.2d 317 (1975). The *Nixon* plaintiffs secured to themselves, and to some 3½ million employees, salary increases which had been illegally withheld. Retroactive salary payments came due plaintiffs and all other beneficiaries of the common fund as a matter of right, with no further application required or contingency attached.

Here, whatever monies may have been preserved are not absolutely due and owing. CHAMPUS beneficiaries may profit by this litigation only after consultation with a ci-

vilian marriage, family or pastoral counselor, and the filing of an approvable claim for reimbursement with the Department of Defense.

■ The Court agrees with plaintiffs that an actual fund need not literally exist and be before the Court, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970),[7] *National Treasury Employees Union v. Nixon*, 172 U.S. App.D.C. 217, 220–1, 521 F.2d 317, 320–1 (1975), but here plaintiffs have preserved the availability of certain optional reimbursable counseling services rather than a common fund. There is no evidence in this record that defendants intended to eliminate reimbursement for treatment of nervous and mental disorders when such treatment was rendered by psychiatrists, clinical psychologists or psychiatric social workers. Presumably CHAMPUS claimants would have restricted their choice of counseling service accordingly if this lawsuit had not been brought. Thus, plaintiffs have not brought themselves within the common benefit exception of *Nixon, supra*.

■ Even if the Court were to find the creation of such a common fund, the fund would have to be examined in light of the express provision of 28 U.S.C. § 2412. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 265–6, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). *Compare National Council of Community Mental Health Centers, Inc. v. Weinberger*, 387 F.Supp. 991, 994 (D.D.C.1974) *with National Council of Community Mental Health Centers, Inc. v. Mathews*, 178 U.S.App.D.C. 237, 241–2, 546 F.2d 1003, 1007–8 (1976) (hereinafter *NCCMHC*)[8]. 28 U.S.C. § 2412 provides in pertinent part:

---

**6.** Defendants, in their Opposition to Plaintiffs' Motion for Attorneys' Fees, argued that plaintiffs did not prevail; rather, the litigation resulted in a compromise, without a prevailing party, as evidenced by the Consent Decree. Defendants withdrew this argument at the hearing on plaintiffs' motion.

**7.** In all other respects plaintiffs' reliance upon *Mills* is misplaced as that case did not directly concern the United States or its agencies, but was a minority shareholder suit which estab-

lished a violation of the securities laws by the corporation and its officials, and in which plaintiffs were awarded litigation expenses and attorneys' fees since the expenses incurred were for the benefit of the corporation and the other stockholders.

**8.** In *NCCMHC* the district court awarded counsel fees under the common benefit exception to the "American rule". On appeal, the court reversed, holding that an award of fees even under the common fund/common benefit ra-

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title *but not including the fees and expenses of attorneys* may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. . . . (Emphasis supplied)

There is no statute specifically authorizing the award of counsel fees in this case. CHAMPUS funds revert to the United States Treasury if unexpended for reimbursable CHAMPUS claims, and payment of counsel fees from U.S. Treasury funds is prohibited by section 2412.

It appears to the Court that plaintiffs are hypothesizing an intermediate status for CHAMPUS funds between repose in the Treasury and payment upon approved claims to CHAMPUS beneficiaries. Plaintiffs argue that an award of attorneys' fees from this intermediate CHAMPUS fund would not be barred by section 2412 as the monies are no longer in the possession of the United States.

If indeed there is such a theoretical middle ground, it seems to the Court that the existence of CHAMPUS funds in that intermediate state would be so fleeting as to be totally illusory. The court in *National Association of Regional Medical Programs, Inc. v. Mathews,* 179 U.S.App.D.C. 154, 551 F.2d 340 (1976) (hereinafter *NARMP*), reversed the award of counsel fees, finding that ". . . [T]he district court appears to have engaged in a valiant effort to avoid the strictures of section 2412." 551 F.2d 340, 343. Here plaintiffs appear to be similarly engaged, and, therefore, the Court holds that an award of counsel fees from CHAMPUS funds is barred by 28 U.S.C. § 2412. *NCCMHC,* 178 U.S.App.D.C. 237, 240, 546 F.2d 1003 (1976), *NARMP,* 179 U.S.App.D.C. 154, 551 F.2d 340 (1976).

Plaintiffs' motion also presents the question of jurisdiction over the CHAMPUS beneficiaries who plaintiffs would have bear the expense of this litigation. Their proposal is premised upon the proposition that it is the potential users of marriage, family and pastoral counseling services who have benefited by this litigation, and that those who have benefited should bear the costs.

Yet it is apparent that plaintiff AAMFC is enriched by the availability of reimbursement funds for CHAMPUS claimants who consult AAMFC members. If an individual eligible for CHAMPUS benefits should now consult an AAMFC marriage counselor instead of, for example, a clinical psychologist, that consultation is reimbursable by the Defense Department. However, the Court cannot find that that individual has received a pecuniary benefit which would not have existed except for this lawsuit. As discussed above, the individual CHAMPUS claimant could have sought treatment from the clinical psychologist and would have been eligible for CHAMPUS reimbursement.

The Court is mindful of the fact that plaintiff AAMFC has already paid the fees and costs connected with this action, and is of the opinion that AAMFC, as the primary beneficiary of the litigation, can adequately bear its expense.

Plaintiffs note that at the time suit was instigated it was understood between AAMFC and counsel that, if successful, the law firm would seek on its own behalf and on behalf of AAMFC an appropriate award of attorneys' fees.[9] There is no evidence that such an understanding was reached between counsel and the named plaintiff CHAMPUS beneficiaries. Although this motion is brought on behalf of all plaintiffs, not just AAMFC, it appears to the Court that the interests of AAMFC are quite con-

---

tionale may not be made from unexpended grant funds which belong to the United States. When the common benefit rule collides with 28 U.S.C. § 2412, the specific statutory prohibition of section 2412 controls.

**9.** Plaintiffs' Motion for Attorneys' Fees and Memorandum of Points and Authorities in Support, n. 7 at 3.

trary to those of the named CHAMPUS beneficiaries. Furthermore, the Court is obliged to examine the adequacy of representation afforded the unnamed CHAMPUS beneficiaries from whom plaintiffs seek to recover counsel fees.

Basic consideration [sic] of fairness require that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation where absent members will be bound by the court's judgment. *NARMP*, 179 U.S.App.D.C. 154, 158, 551 F.2d 340, 344–5 (1976).

■ Plaintiffs argue that the due process notions set forth by this Circuit's Court of Appeals in the *NARMP* class action do not control, and should not be extended to this non-class action. The Court disagrees. Considerations of fairness and the Federal Rules of Civil Procedure Rule 23-type inquiries should apply equally to the non-class suit on a motion for counsel fees under the common benefit exception to the "American rule" where plaintiffs seek to bind non-parties by court order. When, as here, there has been neither notice nor representation afforded the absent members of the group, the "stringent and continuing examination of the adequacy of representation" is well warranted. *NARMP, supra.*

■ In *National Council of Community Mental Health Centers, Inc. v. Mathews*, 178 U.S.App.D.C. 237, 546 F.2d 1003 (1976) although the class was properly certified for the purpose of litigating the merits of the case, the district court held, 387 F.Supp. 991, 993–4, and the Court of Appeals affirmed that:

As none of the individual class members ever made an appearance before the district court and there was no one else present to adequately represent their interests in the fee case, the district court properly found that it lacked in personam jurisdiction over the class and therefore could not award the fee against them. *NCCMHC*, 178 U.S.App.D.C. 237, 242, 546 F.2d 1003, 1008.

Counsel in *NCCMHC* did not inform the court or the class members that he would be seeking a fee award if successful on the merits. In this action counsel informed plaintiff AAMFC of the possibility of application for a fee award, but did not so inform either the court or the individual CHAMPUS beneficiaries. Though eight individual CHAMPUS beneficiaries were nominally before the Court, their interests, being disparate from those of AAMFC on this motion for fees, were not adequately represented. For all of these reasons this Court lacks *in personam* jurisdiction over the individual CHAMPUS beneficiaries and cannot award a fee against them.

### III

■ In addition to the question of counsel fees, before the Court is plaintiff's motion for reimbursement of costs in the amount of $768.91. An award of costs "to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States . . . ." is specifically provided for by 28 U.S.C. § 2412. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 265–7, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), *Natural Resources Defense Council, Inc. v. Environmental Protection Agency*, 168 U.S.App.D.C. 111, 113, 512 F.2d 1351, 1353 (1975).

Section 2412 limits a judgment for costs to those costs provided for by 28 U.S.C. § 1920, and to reimbursement for costs actually incurred by the prevailing party to the litigation. The Court, in its discretion, will grant plaintiffs' motion with respect to litigation costs actually incurred, and will direct the Clerk of the Court to enter Judgment for taxable costs in favor of plaintiffs in accordance with 28 U.S.C. §§ 1920, 2412, upon submission of plaintiffs' proof of costs to the Clerk. In all other respects plaintiffs' motion will be denied.