John R. HILDEBRAND,
Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF MICHIGAN
STATE UNIVERSITY et al.,
Defendants-Appellees.

No. 77–1435.

United States Court of Appeals,
Sixth Circuit.

Argued April 13, 1979.

Decided Dec. 3, 1979.

Kenneth Laing, Jr., MacLean, Seaman, Laing & Guilford, Lansing, Mich., for plaintiff-appellant.

Lynwood E. Beekman, Foster, Swift, Collins & Coey, Lansing, Mich., for amicus curiae.

Leland W. Carr, Jr., Anderson, Carr, Street & Hornbach, Lansing, Mich., for defendants-appellees.

Before WEICK and KEITH, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

In a previous opinion in this case, we reversed the judgment of the District Court and remanded for a prompt jury trial on the merits of plaintiff's civil rights claims. We reversed solely because of the District Court's error in not letting the case be tried before a jury. *Hildebrand v. Board of Trustees*, 607 F.2d 705 (6th Cir. 1979). The plaintiff, victorious on appeal, now seeks to tax attorney's fees involved in the appeal as part of costs. He relies upon the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 which permits a "prevailing party" in a civil rights suit to recover attorney's fees as part of his costs.

■ We think that this request is premature. The plaintiff has indeed prevailed on this appeal, but he has yet to establish that his rights were violated. Until he does, we do not think that the defendants should have to pay his attorney's fees. Otherwise, innocent defendants could end up paying for losing plaintiffs' procedural victories.

We are aware that Congress has authorized the award of attorney's fees *pendente lite* or upon a partial vindication of one's civil rights. *See* Sen. Rep. No. 94–1011 (1976), *reprinted at* 1976 U.S.Code Congressional & Administrative News pp. 5908, 5912. Here, however, the plaintiff's successful appeal had nothing to do with the merits of his claim.

■ Plaintiff emphasizes that under the Act, attorney's fees are owed "as part of the costs." He argues that since he is entitled to costs, his attorneys should also be entitled to attorneys' fees. We think that this is too restricted a reading of the statutory language. This reading ignores Congress' intent to allow recovery only where rights are vindicated. A plaintiff must be a "prevailing" party on some substantial issue before he can collect attorney's fees. *See United States v. Allegheny-Ludlum Ind.*, 558 F.2d 742 (5th Cir. 1977); *Grubbs v. Butz*, 179 U.S.App.D.C. 18, 548 F.2d 973 (D.C. Cir. 1976) (applying analogous attorney's fees provision in the 1964 Civil Rights Act).

Plaintiff's request for attorney's fees at this juncture is denied.