**Sylvia OSHIVER**

v.

**PHILADELPHIA COURT OF COMMON PLEAS, COURT ADMINISTRATION.**

**Civ. A. No. 78–3199.**

United States District Court, E. D. Pennsylvania.

Sept. 8, 1980.

Faye R. Cohen, Alan N. Lerner, Philadelphia, Pa., for plaintiff.

Jonathan Vipond, Ralph Teti, Philadelphia, Pa., for defendant.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

In June of 1978, Sylvia Oshiver filed with the appropriate federal agencies charges that her employer, the Court of Common Pleas, had, in failing to promote her, discriminated against her on grounds of age and sex. In September, 1978, Ms. Oshiver was notified that she was among those employees of the Court of Common Pleas who were being released for budgetary reasons. She then commenced this lawsuit, charging the failure to promote, and further, that her termination was both a second instance of age and/or sex discrimination and an act of retaliation for having filed the initial charges.

After a series of hearings and arguments, I determined that plaintiff was entitled to a preliminary injunction. I held that she had made out a *prima facie* case that her discharge was the result of sex and/or age discrimination, and had made a sufficient showing of the other required elements–irreparable injury to herself, the lack of countervailing injury to defendant, and the absence of a public interest in not granting an injunction–to qualify for such interim relief. See *Oshiver v. Court of Common Pleas*, 469 F.Supp. 645 (E.D.Pa.1979). Pursuant to this determination, the parties agreed upon an order, which I approved on July 12, 1979, directing that plaintiff be reinstated, with full benefits, on July 16, the "preliminary injunction [to] remain in effect until final disposition of the matter on the merits . . ." Although the order did not direct the payment of backpay, it did note that plaintiff had not waived her claim to backpay for the period before reinstatement.

The case has not yet come to trial. Nonetheless, plaintiff has petitioned for reimbursement of costs in the sum of $2,260.58 and for "interim counsel fees" in the amount of $49,780.50. The figure of $49,780.50 for attorney's fees represents a claim of $46,409.50 for work spent on achieving substantive relief for plaintiff, and $3,371.00 for time spent preparing the fee petition itself. The figures are derived from reports of hours spent on various aspects of plaintiff's claim as noted in contemporaneous time records. These hours have then been multiplied by the customary billing rates for each of the attorneys and assistants employed by plaintiff's law firm (varying from $100/hr. for the work of a partner in the firm to $27.50/hr. for various paralegal assistants). Finally, for work on the merits, plaintiff has doubled the *Lindy* lodestar to reflect a *Lindy* multiplier of 2 (see *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976)). Plaintiff claims the multiplier is warranted because of "delay in payment in light of the present interest and inflation rate," the contingent nature of success, the difficulty and quality of the work, and "the extraordinary result."

Plaintiff's right to fees turns on the question whether she is a "prevailing party" within the meaning of 42 U.S.C. § 2000e–5(k),[1] and 42 U.S.C. § 1988.[2] In order to qualify for a fee award a party need not prevail in all claims asserted, so long as she or he is "essentially successful" on some of those claims, *Hughes v. Repko*, 578 F.2d 483, 487 (3d Cir. 1978). And a plaintiff who obtains the relief sought through settlement, rather than adjudication, may nonetheless be a prevailing party. *Levin v. Parkhouse*, 484 F.Supp. 1091 (E.D. Pa.1980). But no case has come to my

---

1. Section 2000e–5(k) of Title 42 provides:
   In any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs . . .

2. Section 1988 of Title 42 provides:
   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

attention in which a party has obtained a fee award based solely on the fact that a preliminary injunction has been obtained.

In *Hanrahan v. Hampton,* —— U.S. ——, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the Supreme Court, in a *per curiam* opinion, considered the award of attorney's fees *pendente lite* pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. While noting that Congress clearly contemplated that a person "may in some circumstances be a prevailing party without having obtained a favorable 'final judgment following a full trial on the merits,'" 100 S.Ct. at 1989 (quoting the House Report), the Court went on to say that Congress intended the granting of "such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims . . ." *Id.* The Court observed that Congress had approved of two cases in describing the appropriate circumstances for such an award [3]—and in each case "the party to whom fees were awarded had established the liability of the opposing party, although final remedial orders had not been entered." *Id.* Thus, an "interim award of counsel fees" may only be made "when a party has prevailed on the merits of at least some of his claims." *Id.* Although *Hanrahan* construed 42 U.S.C. § 1988, its holding is directly applicable to other statutory provisions which, in allowing awards to prevailing parties, depart from the usual rule that each side bears the cost of his own attorney. See *id.* at footnote 4. See also, *Nadeau v. Helgemoe,* 581 F.2d 275, 278 n.2 (1st Cir. 1978).

[■] A preliminary injunction is not an adjudication on the merits. It is designed to preserve the rights of the parties until a determination on the merits can be made. In regard to the merits of this case, I have concluded that, and only that, "plaintiff has made out a *prima facie* case of sex and/or age discrimination," and that defendants did not demonstrate, at this preliminary stage, "the existence of a valid non–discriminatory reason for plaintiff's discharge." I have not determined that plaintiff has indeed been discriminated against by the defendant. With that in mind, the comment of Chief Judge Bazelon in *Grubbs v. Butz,* 548 F.2d 973, 976 (D.C.Cir. 1976) is pertinent:

> . . . we cannot believe Congress would have countenanced assessing fees against a defendant absent any showing of discrimination. For all we know, the defendants in this case may be entirely blameless. If attorney's fees were assessed against them at this point in the litigation, the ultimately successful party might end up having subsidized a large segment of the losing party's suit against him.

If a jury ultimately decides that Ms. Oshiver is not entitled to keep her job, it is patent that her procedural victory in obtaining provisional relief, while perhaps of some personal benefit, would not, in any respect, have achieved the goals of those Acts for which Congress has established the fee remedy, and pursuant to which, Ms. Oshiver has brought her claims.[4]

---

**3.** *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Mills v. Electric Auto–Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

**4.** Plaintiff argues that, whatever else may happen, she has, by virtue of the preliminary injunction, and defendant's acquiescence, been restored to her position pending the outcome of the trial (over one year to this point), and further, that given the nature of this relief, her claims of retaliatory discharge will not become part of the trial on the merits. Thus, she argues, the preliminary injunction is, in practical effect, final. Plaintiff misreads the record. I have not yet made even a preliminary assessment of her retaliatory discharge claim. Rath-

er, in my April, 1979 opinion, I determined that she had made a *prima facie* showing of age/sex discrimination in her dismissal.

It may of course be that, through settlement, this litigation may be terminated without an adjudication of the merits of all plaintiff's claims. Depending on the nature of such a settlement, plaintiff might then be entitled to an award of counsel fees. But to this point plaintiff has not advanced so far as to justify an award. Nor has defendant retreated that far. Certainly, defendant's agreement on the form of a preliminary injunction whose substance it resisted connotes no abandonment by defendant of a position on the merits which may yet prevail.

Wherefore, plaintiff's motion will be DE-NIED.