**Magdalena ROMAN, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

No. CV 81–2401.

United States District Court, E.D. New York.

Feb. 24, 1983.

John C. Gray, Jr., Ruben Nazario, of counsel, Brooklyn Legal Services Corp., Brooklyn, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Jo Davis, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff, Magdalena Roman, filed an appeal pursuant to 42 U.S.C. §§ 405(a) and 1383(c)(3) to review a final determination by the Secretary of Health and Human Services, which denied plaintiff's application for Supplemental Security Income benefits. In a Memorandum and Order dated October 14, 1982, this Court remanded the case to the Secretary for a more specific determination as to whether plaintiff's physical impairments prevent her from returning to her former type of work.[1]

Plaintiff has now submitted an application, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), for a reasonable award of attorney's fees—to wit, $1050.00—as compensation for the amount of time expended in the preparation of the appeal in this case.

The Equal Access to Justice Act provides, in relevant part, that a court "shall award to a prevailing party other than the United States fees and expenses . . . incurred by or against the United States . . . unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act's legislative history makes clear that the phrase prevailing party "should not be limited to a victor only after entry of a final judgment following a full trial on the merits." H.R. 1418, 96th Cong.2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4990. In addition, Congress intended that the interpretation of that phrase "be consistent with the law that has developed under existing [fee shifting] statutes." *Id.*

In their interpretation of other fee shifting statutes, the courts have generally re-

---

1. In particular, this Court refused to accept the Administrative Law Judge's finding that plaintiff's past relevant work as an assembly line worker did not require constant walking and standing and therefore we remanded the case for a determination as to whether potential employers in plaintiff's line of work would permit plaintiff to sit while working.

quired that a party seeking attorney's fees prevail in some degree on the merits of his claim. *See e.g., Hanrahan v. Hampton,* 446 U.S. 754, 756–59, 100 S.Ct. 1987, 1988–90, 64 L.Ed.2d 670 (1980); *Smith v. University of North Carolina,* 632 F.2d 316, 346–47 (4th Cir.1980); *Bly v. McLeod,* 605 F.2d 134, 137 (4th Cir.1979); *Grubbs v. Butz,* 548 F.2d 973, 975–76 (D.C.Cir.1976).

In *Hanrahan, supra,* the plaintiffs sought attorney's fees based on three favorable rulings by the appellate court, including a reversal of directed verdicts against them, a reversal of a denial of their motion to discover the identity of an informant, and a remand to the district court to allow further discovery. The Supreme Court, in reversing the appellate court's award of attorney's fees, held that the plaintiffs were not "prevailing parties" in the sense intended by the Civil Rights Attorney's Fees Awards Act of 1976. In support of its holding, the Court stated that Congress intended to allow interim awards of this kind "only to a party who has established his entitlement to some relief *on the merits* of his claims either in the trial court or on appeal." 446 U.S. at 756, 100 S.Ct. at 1988 (Emphasis added).

In *Grubbs v. Butz, supra,* Chief Judge Bazelon similarly expressed a reluctance to make an interim award of attorney's fees to a party who has not yet prevailed on the merits of the action.[2] In this respect, he stated:

[W]e cannot believe Congress would have countenanced assessing fees against a defendant absent any showing of discrimination. For all we now know, the defendants in this case may be entirely blameless. If attorneys' fees were assessed against them at this point in the litigation, the ultimately successful party might end up having subsidized a large segment of the losing party's suit against him. While that prospect might be consonant with the goals of a statute authorizing fee awards to any party, we find it contrary to the purposes of one that provides for awards only to the party who prevails.

548 F.2d at 976 (footnotes omitted).

In this case, plaintiff may not, in any way, be said to have established her entitlement "to some relief on the merits" of her claim. This Court did not make any determination as to the substance of plaintiff's claim of disability. We merely remanded the case for the purpose of taking additional evidence regarding the nature of plaintiff's previous area of employment—assembly line work. On the remand, this additional evidence may establish that plaintiff is quite capable of returning to such employment. Thus, because of the significant possibility that plaintiff may ultimately obtain no relief at all on her substantive claim, the temporary "success" of her appeal in this Court is insufficient to elevate her to the status of "prevailing party" within the meaning of the EAJA.[3]

Accordingly, plaintiff's application must be, and hereby is, denied.

SO ORDERED.

---

**2.** Although the Court of Appeals in *Grubbs* reversed a ruling by the district judge and held that no further exhaustion should have been required for plaintiff's equal employment opportunity claim, it concluded that plaintiff was not entitled to an award of attorney's fees under the Civil Rights Act.

**3.** Because we have concluded that plaintiff is not a "prevailing party" within the meaning of the EAJA, it is unnecessary to address the remaining issues (1) whether under the EAJA, the position of the United States was "substantially justified," and (2) whether an award of attorney's fees is appropriate when the plaintiff did not actually incur any legal fees for her representation in this case.