**S & R WRECKER SERVICE, INC.,**
Ellen L. Stokes, and Edward K. Stokes, Plaintiffs,

v.

**MECKLENBURG COUNTY, NORTH CAROLINA,** Mecklenburg County Board of Commissioners, Mecklenburg County Manager, Bruce Abercrombie, Mecklenburg County Chief of Police, and Mecklenburg County Zone Wrecker Committee, Defendants.

No. C–C–84–30–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 27, 1987.

George Daly, James R. Bryant, III, John W. Gresham, Fergurson, Stein, Watt, Wallas & Adkin, Charlotte, N.C., for plaintiffs.

James O. Cobb, Ruff, Bond, Cobb, Wade & McNair, Charlotte, N.C., for defendants.

Michel C. Daisley, John B. Yorke, Wardlow, Knox, Knox, Freeman & Scofield, Phillip VanHoy (Subst.), Charlotte, N.C., for intervenors Larry Campbell & Eastway Automotive & Wrecker.

## ORDER

ROBERT D. POTTER, Chief Judge.

**THIS MATTER** is before the Court upon Motion and Memorandum of the Plaintiff for an award of its attorney's fees in opposing the Motion to intervene of Eastway Automotive and Wrecker Service ("Eastway") which the Court denied on October 6, 1986. Plaintiff states that it is the prevailing party in this action under 42 U.S.C. § 1983 and is entitled to a reasonable attorney's fee.

Plaintiff's Motion includes a detailed list of the time counsel expended on this matter, claiming 16.8 hours for Attorney George Daly and 6.6 hours for Attorney John Gresham. Counsel claim that Mr. Daly is entitled to $2,268 for 16.8 hours at $135 per hour and that Mr. Gresham is entitled to $759 for 6.6 hours at $115 per hour, for a total of $3,027. Counsel states that the above rates are their regular billing rates for legal services of the nature involved here and that they have in fact collected from Plaintiff these rates for all work to date in this action through September 1, 1986.

Eastway contends that Plaintiff is not entitled to counsel fees. Eastway argues that the eligibility for the award of attorneys fees in § 1983 is determined by reference to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. That statute provides that the district court may, in its discretion, allow the prevailing party a reasonable attorney's fee in any action to enforce a provision of § 1983.

Eastway argues that Plaintiff has not prevailed against it since Eastway has committed no constitutional offense against Plaintiff. Thus, the policy of §§ 1983 and 1988 to cause constitutional violators to bear the financial consequences of their wrongs is not implicated at all in Eastway's attempt to intervene in this action. Eastway relies on the case of *Grubbs v. Butz*, 548 F.2d 973 (D.C.Cir.1976), where the court stated that Congress did not intend to provide for attorney's fees absent a showing of discrimination, and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), where the Court stated that awards of counsel fees to a prevailing plaintiff is an award "against a violator of federal law." *Id.* at 418, 98 S.Ct. at 698. Eastway contends it has not in any way been implicated in constitutional or federal violations.

Eastway further argues that Plaintiff is not a "prevailing party" under 42 U.S.C. § 1988 against Eastway; that Plaintiff's opposition to Eastway's Motion to intervene was in no manner a "a proceeding to enforce § 1983" as required; and that Eastway is not a party to this action but a young, struggling business which sought to qualify for a wrecker zone contract, not to invalidate Plaintiff's right to relief.

The case of *Thompson v. Sawyer*, 586 F.Supp. 635 (D.D.C.1984), weighs heavily on the side of Plaintiff. In that case, the plaintiffs sought an award of reasonable attorney's fees pursuant to 42 U.S.C. § 2000e–5(k), a statute identical to 42 U.S.C. § 1988, for services rendered in connection with three unsuccessful attempts by Local 4–B of the Graphic Cuts International Union, AFL–CIO ("Local"), to intervene. The Local sought to intervene for the purpose of maintaining certain promotion opportunities for male bookbinders and, thereby, alter the relief successfully attained by plaintiffs. The Local asserted, among other things, that plaintiffs were

not entitled to such an award because they were not "prevailing parties." Specifically, the Local argued that "plaintiffs did not prevail in their claim against the Local because as an unsuccessful intervenor the Local was never allowed to participate in the substantive aspects of the case as a party." *Id.* at 638.

The district court rejected the Local's contentions and held that the plaintiffs were "prevailing parties" in successfully resisting the intervention attempts and were entitled to an attorney's fee award against the Local, even though the Local did not have status of a defendant and did not itself engage in discriminatory behavior.

> [T]he plaintiffs in this case were forced to defend against the unsuccessful efforts of a non-party to alter the relief successfully attained by the plaintiffs after years of litigation work. In this case, by seeking intervention and modification of the District Court's relief orders, the Local "erected substantial obstacles that the plaintiffs had to overcome" in resisting the defendant's discriminatory treatment and attaining the desired and court-ordered relief. [Citations omitted.] The actions of the Local compelled the plaintiffs to defend their right to relief with added intensity and effort.
>
> .    .    .    .    .
>
> The plaintiffs were forced to defend against the potential challenge to the relief order, and by successfully preventing that challenge, the plaintiffs "succeed[ed] on [a] significant issue in litigation which achieve[d] some of the benefit of the parties sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978). As such, plaintiffs are a prevailing party against the Local.

*Id.* at 638–39. *See also, Moten v. Bricklayers, Masons and Plasterers*, 543 F.2d 224 (D.C.Cir.1976) (court awarded fees against contractor's association that had not been a party to the original suit and had not even formally presented a motion to intervene because association purported to become a party by filing an appeal and plaintiffs were forced to defend against association's efforts to maintain their settlement award); *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131 (9th Cir.1974) (court granted fees arising out of unsuccessful appeal of denial of motion to intervene).

The Court in *Thompson* also distinguished the cases asserted by the Local in its argument against an attorney's fees award. These cases, *Christiansburg Garment Co. v. EEOC, supra,* and *Grubbs v. Butz, supra,* are, interestingly enough, the very same cases upon which Eastway asserts its defense against an award of attorney's fees. Yet, Eastway does not mention *Thompson* or any of the other cases at all for the Court's consideration. The court in *Thompson* noted that *Christiansburg* dealt with the issue of whether to assess fees against a "defendant," and that *Grubbs* dealt with the issue of whether to award interim fees against a "defendant." "In such cases, the Supreme Court's language is perfectly consistent with the desirable policy of awarding fees only when there is a judicial finding of discriminatory behavior." *Id.* at 639.

■ In this case, as in *Thompson*, but distinguishable from *Christiansburg* and *Grubbs*, the issue concerns assessing attorney's fees against an unsuccessful intervenor, one who purported to become a party and modify the order granting Plaintiff's relief. This Court is of the opinion, therefore, that Eastway's arguments fail and it should be responsible for paying Plaintiff's attorney's fees in opposing the Motion to intervene.

■ Eastway does not object to the amount of attorney's fees claimed. The Court, therefore, considers the following factors:

(a) *The novelty and difficulty of the question.*

(b) *Skill requisite to perform the legal services properly.*

(c) *Preclusion of other employment by attorney due to acceptance of the case.*

(d) *The customary fee.*

(e) *Whether the fee is fixed or contingent.*

(f) *The amount involved and the results obtained.*

(g) *The experience, reputation, and ability of the attorney.*

(h) *The undesirability of the case.*

(i) *Nature and length of the professional relationship.*

(j) *Awards in similar cases.*

As noted earlier, counsel for Plaintiff make the following claims for fees:

(1) Mr. Daly claims $2,268 for 16.8 hours at $135 per hour; and

(2) Mr. Gresham claims $759 for 6.6 hours at $115 per hour.

The Court does not agree with the "reasonableness" of these rates for this particular matter and is of the opinion that:

(1) Mr. Daly is entitled to $100.00 an hour for $1,680.00; and

(2) Mr. Gresham is entitled to $90.00 an hour for $544.00.

IT IS, THEREFORE, ORDERED that:

(1) Plaintiff's Motion for attorney's fees be *GRANTED;* and

(2) That Eastway pay to Mr. Daly $1,680.00, and to Mr. Gresham $544.00 for their services in opposing Eastway's Motion to intervene.